IN THE

# SUPREME COURT OF TENNESSEE

FOR THE

## EASTERN DIVISION.

---

### KNOXVILLE, SEPTEMBER TERM, 1898.

---

STATE *v.* WILBUR

AND

WALKER *v.* HENDERSON.

(*Knoxville.* September 25, 1898.)

1. CRIMINAL COSTS. *Clerk's fees.*

The Clerk is not entitled to a fee of twenty-five cents, or to any other fee, for certifying a bill of costs in a criminal case for payment by the State or county. (*Post, p. 215.*)

Code construed: §§ 6398, 7594 (S.); §§ 5310, 6443 (M. & V.); §§ 4560, 5570 (T. & S.).

Case cited and approved: Perkins *v.* State, 9 Bax., 3.

State *v.* Wilbur and Walker *v* Henderson.

2. SAME.   *Same.*

The Clerk is not entitled to a fee of ten cents per one hundred words for copying bills of cost in criminal cases upon the record, preliminary to their adjudication against the State or county, there being no statute requiring this to be done. (*Post, pp. 215, 216.*)

Code construed: §§ 5301, 6442 (S.); §§ 4282, 5352 (M. & V.); §§ 3541, 4601 (T. & S.).

Case cited and approved: State *v.* Henderson, 15·Lea, 277.

3. MANDAMUS.   *Not granted against County Judge, when.*

The Courts will not·compel a County Judge, by mandamus, to issue warrant for criminal costs, though duly certified by the Judge and District Attorney-general, where there is no statute justifying the allowance of such costs.   (*Post, pp. 218–221.*)

Code construed: § 673 (S.); § 586 (M. & V.); § 528 (T. & S.).

Cases cited: State, *ex rel., v.* Puckett, 7 Lea, 709; Morgan *v.* Pickard, 86 Tenn., 208; Harris *v.* State, 96 Tenn., 517.

Question reserved: Whether Acts 1891, Ch. 22 (Ex. Sess.), was passed without the matter sufficiently embraced in a call for an extra session.

---

FROM   HAMILTON.

---

Appeal in error from Circuit Court of Hamilton County.   FLOYD ESTILL, J.

C. R. EVANS and COOKE, SWANEY & COOKE for Walker and Hamilton County.

TREWHITT & STANFIELD for Henderson.

MCALISTER, J.   These causes present questions in respect of costs claimed by the Circuit Court Clerk of Hamilton County.   It appears from the record that the County Judge, Hon. Seth M. Walker, had

refused to audit these bills of costs, and thereupon, the relator, R. B. Henderson, commenced proceedings by mandamus to compel the County Judge to issue his warrant on the County Trustee for their payment. The bill of costs presented to the County Judge for payment amounted to $1,292. The particular items of costs objected to by the County Judge were, first, a fee of thirty-five cents for entering bills of costs of record, and, second, a fee of twenty-five cents for certifying bills of costs. It should be remarked that the cases in which these fees are alleged to have accrued originated before Justices of the Peace, where defendants had either submitted their cases under the small offense law, or, upon examination, had been discharged by the Justice. In such cases, when the costs were not paid by the defendant, it was the duty of the Justice to certify the same to the Circuit Court, where they were examined by the Circuit Judge and Attorney-general, and, if found correct, judgment allowing same was entered upon the minutes of the Court. It was insisted by the County Judge, there was no statute allowing the Clerk a fee of thirty-five cents for entering these bills of costs of record and a fee of twenty-five cents for certifying same. It was further insisted, that, as a matter of fact, said bills of costs had not been entered of record nor certified, and hence, no services had been performed for which said fees were charged.

The Circuit Judge heard the cause upon petition

and answer, together with the exhibits thereto, upon consideration whereof he awarded a peremptory writ of mandamus commanding the County Judge to issue his warrant upon the County Trustee for said costs.

The judgment of the Circuit Court further recites it was admitted at the bar that the relator had obtained a judgment for these bills of costs in said Circuit Court at the May term, 1895, but, by mistake, the Clerk failed to enter said judgment and the bills of costs upon the record, and, at the present term, upon motion and notice to defendant, Walker, which was not resisted, the judgment then rendered was entered *nunc pro tunc.*

The Circuit Judge was further of opinion that Ch. 22, Acts of Extra Session, 1891, Sec. 5, is unconstitutional. That Act empowers the Comptroller of the State and the County Judge, after the bills of costs have been examined and approved by the Circuit Judge and Attorney-general, to examine, inspect, and audit them, and to disallow any bills of costs wrongfully or illegally taxed against the State or county. The Circuit Judge was of opinion this Act was not within the scope of the call of the Governor convening the General Assembly in extraordinary session, and therefore, void. It is stated that the Court in this proceeding refused to adjudge the legality or illegality of the two items charged in these cost bills, but based his judgment exclusively upon the unconstitutionality of the Act of 1891, authorizing the County Judge to review and disallow bills of

costs after they have been certified by the Judge and Attorney-general.

Our first inquiry shall be in respect of the legality of the two items of cost in controversy. The principle is axiomatic, and in this State is embodied in a statute, that no officer is allowed to demand or receive fees or other compensation for any service further than is expressly provided by law. Shannon's Code, § 6352.

In respect of the item of twenty-five cents for certifying bills of cost, we find no law authorizing such a charge. On the contrary, it has been expressly decided by this Court, in *Perkins* v. *State*, 9 Bax., 3, that such fee is not authorized. In that case it was held that while (by § 7594 Shannon's Code) the Clerk is required to certify a copy of the judgment and bill of costs, with the certificate of the Attorney-general and Judge, there is no allowance to him for making said certificate. The fee allowed for every "certified copy of order," under § 6398, Subsec. 5, Shannon's Code, does not authorize the charge. The Clerk's certificate is in no sense a "copy of any order."

It is next assigned as error, that the Court erred in not striking out the fee of thirty-five cents for entering bill of costs of record. This assignment of error is well taken, since the question presented has already been adjudicated by the Court.

In the case of *State* v. *Henderson*, 15 Lea, 277, this Court held, viz., the only other exception taken

to the action of his Honor by the Attorney-general, is to the allowance of ten cents per hundred words for copying bills of cost on the record or minutes of the Court. In support of the ruling by his Honor we are referred to § 5301, Subsec. 35, and § 6442, M. & V. By Subsec. 35 of § 5301 the Clerk, "for copies of any pleadings, papers, and proceedings in a cause, is entitled, per hundred words, to ten cents from the person to whom or for whom they are furnished." But there is no statute requiring him to copy a bill of costs upon the minutes of the Court before judgment that county or State shall pay them.

It is insisted, however, that the County Judge could not lawfully refuse to issue his warrant for these costs after they had been allowed and certified by the Attorney-general and Judge, and that the Act of 1891, authorizing the State Comptroller, Judge, or Chairman of the County Court to examine and disallow any part of a bill of costs illegally taxed against the State or county, although the same may have been approved by the Circuit Judge and Attorney-general, is unconstitutional and void. The objections to this Act are two-fold, to wit: (1) The Legislature does not establish a new Court, but attempts to give superior authority to the Judge of a County Court, and takes from the Appellate Court the rights properly belonging to it. It is insisted this Act violates Art 6, Sec. 1, Constitution of Tennessee, which provides, viz.: "The judicial power of

this State shall be vested in one Supreme Court, and in such circuit, chancery, and other inferior Courts, as the Legislature shall, from time to time, ordain and establish.'' (2) That said Act is unconstitutional because the legislation attempted is not contemplated or called for in the proclamation convening the General Assembly in extraordinary session. Art. 3, Sec. 9, Constitution of Tennessee, in enumerating the powers of the Governor, provides, viz.: ''He may, on extraordinary occasions, convene the General Assembly by proclamation, in which he shall state specifically the purposes for which they are to convene; but they shall enter on no legislative business except that for which they were specially called together.''

The proclamation of the Governor convening the Forty-seventh General Assembly in extra session, after enumerating certain specific purposes of the call, embodies the following: ''3. To pass statutes to modify, annul, or add to the system of criminal laws and procedure in this State.'' In pursuance of this call the Legislature assembled, and, among other statutes, passed the one now in controversy. That Act is entitled, ''An Act to amend §§ 5586, 5587 of the Code of 1858, relative to the payment of costs in criminal cases, and to more clearly define what costs in criminal cases the State and county will be held liable.''

The fifth section of that Act is, viz., ''that the State Comptroller, Judge or Chairman of County Court, after said bills have been examined and ap-

proved by the Judge and Attorney-general, are
hereby granted full power, and it is hereby made
their duty to examine into, inspect, and audit all
bills of cost accruing against the State or county,
and disallow any part of said bills of cost that
may be illegal or wrongfully taxed against the State
or county, and the State Comptroller, Judge or
Chairman of the County Court may disallow any or ·
all costs taxed against the State or county on ac-
count of malicious, frivolous, or unnecessary prosecu-
tions, in the event the Attorney-general and Judge
should be mistaken or otherwise approve of any such
bills.'' This legislation will at once commend itself
as eminently wise and wholesome. It had been held
by this Court in *State, ex rel. Sharpe,* v. *Puckett,
County Judge,* 7 Lea 709, that the County Judge
had no authority to revise a bill of costs properly
adjudged against the county, taxed, examined, and
certified according to law.

The power to examine and adjust bills of costs
was conferred by statute upon the Comptroller, prior
to the passage of the Act of 1891, and if it ap-
peared judgment had been rendered against the
State for costs for which it was not liable, the
Comptroller might refuse to draw his warrant.
*Morgan* v. *Pickard,* 2 Pickle, 208. But the ques-
tion now is whether the statute conferring this power
upon the County Judge is constitutional. It is ar-
gued that the first sentence, namely, ''(3) To pass
statutes to modify, amend, or add to the system of

criminal laws and procedure in this State," is limited by the sentence immediately following and embraced within the same section, namely, "The passage of laws prohibiting the use of scrip, or its equivalent, by persons or corporations in payment of their debts, providing penalty for violation of same, and laws that will punish with penalties any interference with State convicts, will be commended to the attention of the Legislature under this general head." It is insisted that the power of the Legislature, under the call "to modify, amend, or add to the system of criminal laws and procedure," extends only to the specific matters set out in the second paragraph of the section. It is further insisted that the first sentence of this section, when considered alone, is not in conformity with the constitutional requirement, for the reason it does not state specifically the objects for which the Legislature is to be assembled, but that the specific purposes of the call, as required by the Constitution, are pointed out in the second clause, and hence, the scope of the first clause is circumscribed by the specifications of the second paragraph. However, we pretermit the decision of this question, since it is not necessarily required in the disposition of this case. It affirmatively appears that at least two items in the bill of costs now sought to be enforced by mandamus, are illegal, and this remedy will not be allowed for the enforcement of an illegal demand.

Says Mr. High: "The right of mandamus being

justly regarded as one of the highest rights known to our system of jurisprudence, it issues only when there is a clear and specific legal right to be enforced, or a duty which ought to be and can be performed, and where there is no other specific and legal remedy. The right which it is sought to protect must therefore be clearly established, and the writ is never granted in doubtful cases. The person seeking the relief must show a clear legal right to have the thing sought by it done, and done in the manner and by the person sought to be coerced. The writ, if granted, must also be effectual as a remedy, and must be within the power of the respondent, as well as his duty, to do the act in question. It follows, also, from the important position which this writ occupies as a remedial process, as well as from its nature as an extraordinary remedy, that the exercise of the jurisdiction rests, to a considerable extent, in the sound discretion of the Court, subject always to well settled principles which have been established by the Courts or fixed by legislative enactment. Causes may therefore arise where the applicant for relief has an undoubted legal right, for which mandamus is the proper remedy, but where the Court may, in the exercise of a judicial discrimination, still refuse the relief." High on Extraordinary Legal Remedies (3d Ed.), Sec. 39; *Harris* v. *State, ex rel.*, 96 Tenn., 517.

It results that the judgment of the Circuit Court

will be reversed, and the petition for the alternative writ of mandamus will be dismissed.

The other cases involved the same items of costs, and were motions made by the County Judge in the Circuit Court to retax, under § 673, Shannon's Code, viz.: "If the Judge or Chairman of the County Court, when a bill of costs thus authenticated (by Attorney-general and Circuit Judge) is presented to him, and his warrant for payment of same is demanded, conceive that said costs or any part of it is not lawfully chargeable to the county, he may defer the issuance of his warrant until he has moved the Court for a correction of the taxation." . The Circuit Judge sustained the motion to retax as to the item of twenty-five cents for certifying bill of costs, but allowed the fee of thirty-five cents. The item of thirty-five cents is a charge for entering bill of cost on the minutes, and as there are three hundred and fifty words in each bill of costs the charge is thirty-five cents. Both sides appealed from the ruling of the Circuit Judge. The judgment of the Circuit Judge in allowing the charge of thirty-five cents for entering bills of cost of record is reversed, but in disallowing the item of twenty-five cents for certifying bills of cost his judgment is affirmed.