IN THE

# SUPREME COURT OF TENNESSEE

FOR THE

## EASTERN DIVISION.

---

### KNOXVILLE, SEPTEMBER TERM, 1903.

---

### T. O. MUSGROVE et al. v. HAMILTON COUNTY.

(*Knoxville.* September Term, 1903.)

1. **COSTS.** In small offense cases disapproved by circuit judge and attorney-general are not collectible from county though paid into its treasury.

    Where defendants in small offense cases submit and are fined and taxed with the costs, and, in default of paying or securing the same, are committed to the workhouse, and they afterwards pay the costs into the county treasury, or work the same out, but the circuit judge and attorney-general disapprove and disallow such bills of costs, the parties in whose favor they are taxed by the justice can not collect the same from the county. (*Post, pp.* 12-13.)

    Code cited and construed: Secs. 7420, 7593, 7594, 7601-7605, 7619 (S.); secs. 6442, 6443, 6450-6452, 6465 (M. & V.); secs. 5569, 5570, 5574-5576, 5585 (T. & S. and 1858).

Cases cited and distinguished: State v. Wilbur, 101 Tenn., 211; Walker v. Henderson, 101 Tenn., 213.

2. **SAME.** Prerequisites to obtaining costs from State or Counties.

No costs shall be drawn out of the county or State treasuries until after they are properly taxed, and approved by the judge and attorney-general, and audited by the comptroller or county judge, as the case may be. (*Post, pp.* 14, 16.)

Code cited and construed: Secs. 7420, 7593, 7594, 7601-7605, 7619 (S.); secs. 6442, 6443, 6450-6452, 6465 (M. & V.); secs. 5569, 5570, 5574-5576, 5585 (T. & S. and 1858).

3. **SAME.** Final tribunal to determine county's liability for costs.

The county judge or chairman is the final auditor or tribunal to determine whether bills of costs shall or shall not be paid out of the county treasury.

4. **SAME.** Prerequisites to payment of costs in small offense cases by county.

Before bills of costs in small offense cases are paid out of the county treasury they must be properly taxed by the justice against the defendants, and execution must be issued thereon and returned *nulla bona* and such bills must be presented to the judge and attorney-general accompanied with the justice's certificate that the prosecutions were not frivolous, malicious, or commenced to procure fees, and must be approved by the judge and attorney-general, and the costs must be paid into the county treasury, either in cash or in work of the convict. (*Post, pp.* 7-14.)

Code cited and construed: Secs. 7601-7604, 7619 (S.); secs. 6450, 6451, 6465 (M. & V.); secs. 5574, 5575, 5585 (T. & S. and 1858).

5. **SAME.** Taxed against prosecutors in small offense cases cannot be retaxed against county.

Where costs in small offense cases have been taxed against the prosecutors the same can not be retaxed against the county,

Musgrove v. Hamilton County.

even though they can not be made by execution out of the pros-
ecutor.   (*Post, p.* 17.)

Case cited and approved:   Morgan v. Pickard, 86 Tenn., 208.

FROM HAMILTON.

Appeal from the Chancery Court of Hamilton County.
—T. M. McCONNELL, Chancellor.

SHEPHERD & FRIERSON, and SNODGRASS & LATIMORE,
for Musgrove.

W. H. CUMMINGS, C. R. EVANS and R. B. COOKE, for
Hamilton County.

MR. JUSTICE WILKES delivered the opinion of the
Court.

The various complainants in this case are justices of
the peace, constables, and deputy sheriffs of Hamilton
county.   They sue the county of Hamilton to recover
from it certain fees and costs which they claim to have
earned in the discharge of their official duties, and
which they allege have been paid into the county treas-
ury of Hamilton county, either in money, or in work and
labor done for the county, in accordance with the stat-
utes of the State.

There was a demurrer to the bill, which was over-ruled, and the county has appealed.

The allegations of the bill are, in detail:  That up to the September term, 1902, of the circuit court of the county, there was a fund of about $4,000 in the treasury of the county belonging to complainants in unequal amounts, and held by the county in trust for them. That this fund arose in the following manner:  Such of the complainants as are justices of the peace of the county had each issued warrants against persons guilty of offenses known and designated under the laws of the State as "small offenses."  That such persons were arrested, brought before the justice of the peace issuing the warrant, and, having pleaded guilty, were fined a small amount, and adjudged liable for the costs accrued in the case.  Failing to pay or secure the fine and costs so adjudged against them, they were sent to the jail or workhouse of the county, to be confined at labor until such fines and costs were worked out or paid.  That the number of cases, the names of the defendants, and the amount of costs in each case, cannot be specifically stated, because the warrants upon which the cases were tried, and judgments indorsed showing these facts, are on file in the office of the county judge of the county, and are not accessible to complainants, but that the costs, and to whom payable, can be readily shown upon a reference to the master.

The bill alleges that in each of these cases the defendants therein were lawfully charged with having

Musgrove v. Hamilton County.

committed a small offense under the statutes, that they each pleaded guilty, or submitted their cases, and were fined, and a judgment was duly rendered against each. The costs were legally taxed and entered on the warrants, showing, in separate items, their character, and the officer and witnesses to whom going. That in all of the cases the defendants failing to pay or secure the fine and costs were committed to the workhouse to work out the same. That a number of these defendants, after they reached the jail or workhouse, paid to the county judge the fine and costs adjudged against them, which was covered into the county treasury. Others there gave bond and security, and the amounts were subsequently collected and paid into the county treasury. Others were carried to the workhouse, where they worked out, under the laws, for the benefit of the county, the fines and costs adjudged against them. That in all these cases complainants have made application to the county for payment to them, respectively, of the amount of costs due them and held by the county for them, but that, instead of paying the money to them, the papers in the cases were referred to the revenue commissioners of the county, who examined the costs taxed and adjudged in each of said cases, and approved the same. That after this, in some way not authorized by law, the circuit judge and attorney-general of the circuit and district embracing Hamilton county assumed to, and did, disapprove the costs in said cases to the amount of $4,000. It is charged that this action of the judge and

attorney-general was without warrant of law, as neither had any power to pass upon the costs taxed in said cases and paid into the treasury by the parties against whom adjudged. That the county, having collected these costs from the defendants in the cases, and by virtue of the judgments against them, holds the fund so collected in trust for the complainants.

It is further alleged that since the September term, 1902, of the circuit court, and since the original bills of costs mentioned above were presented for payment, various other sums have accrued, and have become due to complainants, to about the same amount as those disapproved by the circuit judge and attorney-general, and these they can also show upon a reference.

It is further alleged that the complainants join in this bill under an agreement with the county attorney that no objection would be taken to the bill because of the multiplicity or misjoinder of parties complainant, it being the desire of all parties to have the legal question involved settled with as little cost as possible.

The prayer of the bill is for an account to ascertain the amount due each complainant, and for a judgment for the same, and for general relief.

The bill was demurred to on several grounds, the only one of any substantial merit being that the bill shows that the costs sued for have been examined and disallowed by the judge and the attorney-general of the circuit, and that their action is conclusive upon the county against the complainant's right to recover.

Musgrove v. Hamilton County.

The case was decided in the court below and in the court of chancery appeals upon this aspect of the case, and is presented and argued before this court upon the same feature. The chancellor held that it was not the province of the judge and attorney-general to pass upon and disallow costs which had been adjudged against defendants who have submitted their cases and been fined before justices of the peace under the "small-offense law;" and this cost, having been paid by the defendant to the county and covered into the treasury, belonged to complainants. The chancellor was of opinion that the right and power of the judge and attorney-general to pass upon such bills of cost depended upon a construction of the statutes (Shannon's Code, sections 7593, 7602).

Section 7602 makes it the duty of the judge and attorney-general to carefully examine all bills of cost certified for payment by justices of the peace in which the State or county has been charged with the costs of criminal prosecutions, and if it shall appear in any manner that the prosecution in which the State or county has been taxed with the cost by the justice is frivolous, malicious, or commenced to secure fees, it shall be the duty of the judge and attorney-general to disapprove and disallow said bill of cost, and no part of said cost shall be paid by the State or county in such case.

Section 7593 provides that the cost chargeable upon the State or county in criminal cases shall be made out so as to show the specific items, and be examined, en-

tered of record, and certified to be correct by the court
or judge before whom the cause was heard or disposed
of, and also by the district attorney-general, and they
are granted full power, and it is made their duty, to
examine into, inspect, and audit all bills of cost accru-
ing against the State or county, and to disallow any part
or all of said bills of cost as may be illegally or wrong-
fully taxed against the State or county.

Section 7594 provides for the auditing of bills of cost
by the comptroller, chairman of the county court, or
county judge, as the case may be, after said bills of cost
have been examined and approved by the judge and at-
torney-general; and this section provides that the comp-
troller, judge, or chairman of the county court may dis-
allow any and all costs taxed against the State or county
on account of malicious, frivolous, or unnecessary prose-
cutions, in the event the judge or attorney-general
should, by mistake or otherwise, approve such bills.

The chancellor was of opinion that these acts author-
ized the judge and attorney-general to act upon and dis-
approve bills of cost certified by justices of the peace
where the costs had been taxed against the State or
county, but that the act contained no authority for the
judge and attorney-general to audit and reject bills of
cost adjudged by justices of the peace against defend-
ants who had paid the costs adjudged against them into
the county treasury.

The court of chancery appeals concurred in this opin-
ion of the chancellor.

Musgrove v. Hamilton County.

Council for the county insists that the power exercised by the judge and attorney-general to examine and disallow these bills of cost is conferred by section 7601 of Shannon's Compilation, which is as follows: "In all cases the fees due to a justice of the peace for any proceedings before him therein shall-be certified to the circuit court and be taxed and certified by the court and attorney-general as other costs, in the manner herein prescribed."

Section 7603 provides that the certificate of the justice trying a cause, that the prosecution is not frivolous, malicious, or set on foot to secure fees, shall not be conclusive on the judge or attorney-general, but it is made their duty to inquire into them, and to disapprove bills of cost, if the prosecution is frivolous, malicious, or commenced to secure fees, as provided in section 7602.

Section 7604 is taken from the Alabama code of 1852, and has special reference to what are denominated "small-offense cases," and provides as follows: "In all small offenses and all other cases triable before a justice and finally acted on by him the costs may be taxed by him and the execution issued against the defendant, or prosecutor, as the case may be, therefor."

Section 7605 provides that the costs due constables or other executive officers on proceedings in criminal cases before justices of the peace are certified and allowed in the manner prescribed in the last three sections in regard to similar fees due justices of the peace.

The argument of the county is that these sections of

the statute, and especially 7601, are broad enough, and in their plain terms cover "small-offense cases" before justices, in which the costs are adjudged against defendants.    They cite in support of their contention the case of *State* v. *Wilbur,* 101 Tenn., 211, 47 S. W., 411, and *Walker* v. *Henderson,* 101 Tenn., 213, 47 S. W., 411.    In that case the clerk of the circuit court claimed certain costs.    The county judge refused to audit the bills presented by the clerk, and the latter instituted proceedings by mandamus to compel him to do so.    The particular items of costs in that case objected to by the county judge were a fee of 35 cents for entering bills of cost of record, and a fee of 25 cents for certifying bills of cost.

In that case it was said by the court as follows:    "It should be remarked that the cases in which these fees are alleged to have accrued originated before justices of the peace, where defendants have either submitted their cases under the small-offense law, or upon examination have been discharged by the justice.    In such cases, when the costs are not paid by the defendant, it is the duty of the justice to certify the same to the circuit court, where they are examined by the circuit judge and attorney-general, and, if found correct, judgment allowing the same is entered upon the minutes of the court."

It is said that this holding is not conclusive in the present case, because the only question involved in it was the allowance to the clerk of the two fees of 35 and

Musgrove v. Hamilton County.

25 cents; that no question was made as to whether the costs should have been certified to the circuit court for judgment, or whether they should have been certified by the judge and attorney-general for payment, but that it was assumed that the costs were properly certified to the court for examination and approval by the judge and attorney-general; that the language used was not to settle the question whether the costs should have been certified to the court at all, or not, but was used simply to summarize the state of the record, so as to present the question of the allowance of the two items. But it is evident that these items could not have been allowed if it was not necessary that the costs should be brought to and entered in the circuit court, and yet this court passed upon them as though they were properly before the court, and disallowed them because they were illegal and not warranted by law.

We are of opinion that the determination of the question here involved depends upon a proper construction and application of the statutes (sections 7601, 7604, Shannon's Compilation), which are taken from sections 3986 and 3987 of the Code of Alabama of 1852, and they must be read and construed together, and in the light of other sections relating to costs before justices of the peace.

Under section 7604, it is clearly contemplated that, in all small-offense cases and cases finally acted upon by the justices of the peace, the costs may be taxed by the justice, and execution may be issued against the de-

fendant or the prosecutor, as the case may be; but **if** these costs cannot be made by execution out of the defendant in cases where they are taxed against the defendant, then section 7601 provides that they shall be certified to the circuit court, and taxed and certified by the circuit court and attorney-general as other costs, in the manner as herein prescribed. In other words, in small-offense cases the justices shall give costs against the defendant, and these costs shall be made by execution, if practicable, if not secured; and, if not paid or secured, then the defendant may be confined in the jail or workhouse until he shall pay the costs by his labor. If the justice and other officers entitled to these costs desire that they shall be paid by the county, they must be certified to the circuit court, and examined and approved by the judge and attorney-general, and audited by the county judge, before they can be collected from the county.

It is true that when the county has received these costs, either in cash or in work done by the convict, it holds the fund for the benefit of the parties legitimately entitled to the costs, and for the payment of the fine that may be imposed; but these costs cannot be paid to the parties in whose favor they are taxed if the prosecution has been frivolous, malicious, or set on foot to secure fees, and, if such facts appear, then it follows that the justices and other officers and witnesses are not entitled to the fees, because they have been instrumental in illegally exacting them. But the county is in no

Musgrove v. Hamilton County.

sense a party to such illegal exaction, since it receives the convict under a judgment regular upon its face, and presumably just and correct.

The judgment of the justice, and his certificate that the prosecution is not frivolous, malicious, or set on foot to secure fees, is not conclusive on the judge or attorney-general, but it is made their duty to inquire; and if the prosecution appear to them to be malicious, frivolous, or commenced to procure fees, it is their duty, under section 7603, to disapprove said bills of cost.

We cannot assume that the judge and attorney-general will be arbitrary and unjust in passing upon these bills of cost, and in rejecting them when they should be allowed.    At any rate, the statute has imposed upon them the duty of examining and approving or disapproving the bills, and the county cannot be required to pay such bills over their disapproval.    This construction makes a uniform and consistent system for the payment of all costs out of the State and county treasuries. In felony cases, judgment in the first instance is rendered against the convicted defendant.    Upon this judgment, execution issues, and is collected from the defendant, if practicable.    If the execution is returned *nulla bona,* the costs are then retaxed against the State, and are then paid by the State after being examined and approved by the judge and attorney-general, and audited by the comptroller.    A similar course is pursued in regard to costs chargeable upon the State and county in criminal cases under the provisions of section 7593 of

Shannon's Compilation. And likewise the same course is pursued as to costs provided for under section 7602 of Shannon's Compilation.

The fundamental idea in all these cases being that no costs shall be drawn out of the county or State treasuries until they shall first have been properly taxed, and shall have been approved by the judge and the attorney-general, and audited by the comptroller or county judge, as the case may be.

The provisions of the several statutes providing for the disallowance of costs where prosecutions are frivolous, malicious, or commenced to procure fees, applies only to suits instituted before justices of the peace, and is intended by the statutes to give the circuit judge and district attorney-general a supervision over all costs taxed by justices of the peace whenever it becomes necessary that they shall be paid out of the public treasury; and, under the provisions of section 7603, the certificate of the justice of the peace as to the good faith of the taxation is not conclusive upon the judge and district attorney-general.

Of course, where the costs are paid by the defendant under the execution issued against him, or are secured by him before going to the workhouse, there is no necessity for its being certified to the circuit court, or approved by the judge and district attorney-general, because, in the first place, it has already been paid; and, in the second place, it is not in such case payable out of the county treasury, and there is nothing for the judge

and attorney-general, or any other tribunal, to audit and approve or disapprove.

We think it is the clear intent of the statutes that officers and witnesses who have conspired together in a frivolous, malicious prosecution, for the purpose of making fees, shall not be entitled to these fees, even although, under their manipulations and illegal proceedings, the convicted defendant may unjustly have been required to pay them into the county treasury. They are in no sense the legitimate property of such officials and witnesses.

We do not see that the provisions of the Jarvis law have any application whatever, or are involved in the determination of the questions at issue in this case.

The fact that the circuit judge and district attorney-general have disapproved these bills of cost is *prima facie,* if not conclusive, evidence that the prosecutions were malicious, frivolous, and made for the purpose of securing fees, or that they are, for some other reason, not properly taxable against the county. If these officers arbitrarily reject proper costs, there is an adequate remedy against them.

It is evident that the statute contemplates that the bills of cost shall be acted upon before they are worked out, because they are required to be certified when taxed to the county judge and to the superintendent of the workhouse, in order that it may appear what is the extent of the defendant's punishment, and for what length of time he must be confined, or what amount of money

he must pay in order to relieve himself of the judgment against him.    Shannon's Code, section 7420.

We consider that this is conclusive of the controversy in this cause, and it follows that there is error in the decree of the chancellor and in that of the court of chancery appeals; that the demurrer should have been sustained upon the ground and for the reasons indicated.

The decrees of the chancellor and the court of chancery appeals are therefore reversed, and the bill of complainants is dismissed at their cost.

### ON REHEARING.

MR. JUSTICE WILKES delivered the further opinion of the court.

In this case there is a petition to rehear, based upon extracts from a published synopsis of the original opinion.    These extracts present only a partial statement of what was decided, and omitted the clause which embodies the gist of the opinion, as follows:    "The fundamental idea in all these cases is that no costs shall be drawn out of the State or county treasuries until they shall have been first properly taxed, and shall have been approved by the judge and attorney-general, and audited by the comptroller or county judge, as the case may be." The error of counsel for petitioners is in assuming that some costs which are to be paid out of the county treasury are what we style "certifiable," and some are not, whereas no costs are payable out of the public treasury either State or county unless they have been certified.

Costs arising under sections 7601 and 7604, in what are styled small-offense cases, must be certified, as well as those arising under sections 7593, 7602, and other sections.

It is said in the petition that this holding assumes the whole point in issue. We do not understand that the court assumes the point, but that it decides it upon a proper reading and construction of the statutes. It is said in the petition that under our holding the cost becomes payable by the county immediately upon the rendition of the judgment. We did not so hold and do not so understand the law. To epitomize our holding:

Under the law, the county judge is made the final auditor or tribunal to determine whether a bill of cost shall or shall not be paid out of the county treasury. When a bill of cost in a small-offense case is presented to him, for payment out of the county treasury, his first inquiry should be, has it been properly taxed by the justice against the defendant? Shannon's Code, section 7604. If it has been taxed against the prosecutor, it may not be retaxed against the county, even though it cannot be made by execution out of the prosecutor. *Morgan* v. *Pickard,* 86 Tenn., 208, 9 S. W., 690. The next inquiry of the county judge should be, has execution been issued against the defendant on it, and returned *nulla bona?* Shannon's Code, section 7604. Subsection 5 of section 7619 does not apply to costs in small-offense cases. Next, has the bill of costs been presented to the

111 Tenn—2

judge and attorney-general, accompanied with the cer-
tificate of the justice of the peace who tried the case
that the prosecution was not frivolously, maliciously, or
set on foot, to procure fees? Shannon's Code, sections
7601, 7602, 7603. Next, has it been approved by the
judge and attorney-general? Shannon's Code, section
7602. Next, have the costs been paid into the county
treasury, either in cash, or in work of the convict? If
all these prerequisites appear, and there is no other
valid objection to the bill of costs, the county judge may
order its payment out of the county treasury; otherwise
not.

We cannot agree with counsel for the petitioners, nor
with the concession of counsel for the county, that the
costs became at once payable out of the county treasury
(even though taxed, certified, and approved), before the
county has realized the fund out of which to pay them.
It is the purpose of the workhouse act, in addition to
the punishment of confinement, and along with such
confinement, to provide the funds to pay the costs of
the prosecution. If the county fails to realize such
fund because of escapes or deaths, or other causes, then
it has no funds properly applicable to the payment of
such costs, and cannot be required to pay them. They
are charges against the county, but to be paid out of the
funds realized from the defendant, and not otherwise.
It is proper to add that the certification of bills of cost
for payment is not to be confused with the certified
statement of sentence required, under section 7420, to

be furnished, one to the county judge, and one to the superintendent of the workhouse.

There are several collateral questions presented in both the original briefs and in the petition to rehear, which we do not consider material, as we base our holding upon the proper construction and plain meaning of the statutes themselves. We are thoroughly satisfied that this holding is wise in policy, just in reason, correct in principle, and sound in law, and we affirm it unanimously; at the same time expressing our appreciation of the ability and ingenuity of counsel for the petitioners. The petition is dismissed.