State, ex rel., v. Thompson.

STATE, *ex rel.* KATIE SPRATLIN, *v.* LOUIS P. THOMPSON, Clerk.

*(Jackson.* April Term, 1907.)

1. **JUDGMENT BY DEFAULT.** Sufficient without formally calling out defendant, when.

Before rendering a judgment by default, good practice requires that the defendant in default should be called out, and that an entry of the fact should be made; though a failure to do so will not make the judgment void. (*Post, pp.* 573, 574, 577.)

Cases cited and approved: State v. Grigsby, 3 Yerg., 280; White v. State, 5 Yerg., 183, 184.

2. **SAME.** Judgment may be entered without a jury; when; but a jury is required, when.

Where a judgment by default is taken upon an instrument showing a present indebtedness, as a bond, bill, or note, or liquidated account signed by the defendant, so that the amount may be ascertained from the papers by a simple calculation, judgment may be entered at once upon default taken without the intervention of a jury; but in all other cases a jury is required to fix the amount. (*Post, pp.* 577, 578.)

Cases cited and approved: Association v. Cook, 3 Head, 313; Williams v. Bank, 1 Cold., 44, 45, 46; Beeler v. Huddleston, 3 Cold., 201, 204; Railroad v. Green, 9 Heisk., 588, 593.

3. **SAME.** Same. Instrument sued on must be filed to authorize judgment without a jury, when.

Where the instrument sued on is not filed in the cause, there are no "papers" from which the calculation can be made as stated in the foregoing headnote; and in such case a jury is necessary before a judgment can be entered for anything more than nominal damages. (*Post, p.* 578.)

State, ex rel., v. Thompson.

**4.  PROFERT.  Of instrument sued on means what.**

Profert of the instrument sued on made in the declaration means that the plaintiff has it, and holds himself in readiness to produce it upon demand, but does not mean that the paper is in court.  (*Post, p.* 578.)

Case cited and approved:  Insurance Co. v. Thornton, 97 Tenn., 1.

**5.  JUDGMENT UPON DEFAULT.  Mandamus to compel issuance of execution refused, when invalid.**

Where a judgment upon default is improperly entered without the intervention of a jury to fix the amount thereof, in a case requiring a jury, a writ of *mandamus* to compel the issuance of an execution on the judgment will not be awarded.  (*Post, p.* 578.)

**6.  SAME.  Necessary parties to mandamus suit to compel issuance of execution.**

All persons interested should be made parties to a proceeding for a writ of *mandamus,* and a *mandamus* to compel the issuance of an execution on judgment upon default will be refused, where the party in default, against whom the judgment stands, is not made a party.  (*Post, p.* 578.)

Cases cited and approved:  State, ex rel., v. Willett, 117 Tenn., 334, 350 351; Powell v. People, 214 Ill., 475; Austin v. Cahill (Tex. Civ. App.), 88 S. W., 536.

**7.  SAME.  Mandamus will not lie to compel clerk to issue execution on vacated judgment, when.**

*Mandamus* will not lie against the clerk of a court to compel him to issue an execution on a judgment upon default set aside by the court at a subsequent term by consent of the parties. The clerk is only a ministerial officer and it is not for him to pass judgment on the act of the circuit judge in setting aside the judgment.  (*Post, pp.* 578, 579.)

Cases cited and approved:  State v. Miller, 1 Lea, 596, 606, 607; State v. Wilbur, 101 Tenn., 211, 220.

State, ex rel., v. Thompson.

Cases cited and distinguished: Anderson v. Thompson, 7 Lea, 262; State v. Dalton, 109 Tenn., 549; Johnson v. Russell, MS., at Jackson, April term, 1895; Bronson v. Schulten, 104 U. S., 410, 26 L. Ed., 797.

8. **SAME.** Certiorari to review entry vacating judgment; appeal or writ of error may also lie.

The proper remedy to review the entry setting aside a judgment upon default is the writ of *certiorari*, or possibly by appeal or writ of error. (*Post, p.* 579.)

9. **MANDAMUS.** Extraordinary remedy to be resorted to, when.

*Mandamus*, is an extraordinary writ, and can be resorted to only when other remedies fail. (*Post, pp.* 579, 580.)

Case cited and approved: Ex parte Insurance Co., U. S. Sup. Ct. Dec., not officially reported, but reported in 26 L. Ed., 561.

---

FROM SHELBY.

---

Appeal from the Circuit Court of Shelby County.— J. P. YOUNG, Judge.

THOMAS M. SCRUGGS, for Relator Spratlin.

FITZHUGH & FITZHUGH, for Thompson.

---

MR. JUSTICE NEIL delivered the opinion of the Court.

At the March term, 1906, the case of Katie Spratlin against the United States Casualty Company in the cir-

cuit court of Shelby county, a judgment by default was rendered against the defendant in that case for $5,172. The judgment recites that the plaintiff "moved the court for a judgment against the defendant for the amount of the debt and interest sued on in said declaration, and evidenced by the policy sued upon; the defendant having been properly served with process herein, and having failed to file any pleas to said declaration." The entry does not show that the defendant was called out; nor does it appear that the policy had been filed with the record. The record shows, on the contrary, that it was not filed until a subsequent term; that is to say, the judgment by default was rendered on May 12, 1906, and the policy was filed October 24, 1906.

On the 2d of June, 1906, which was during the May term of the circuit court, the following entry was made in the cause referred to:

"Katie Spratlin v. U. S. Casualty Co.

"This cause came on to be heard on the motion of defendant to set aside the judgment by default heretofore entered, to wit, on May 12, 1906, and to reinstate the cause, which said judgment by default was granted on the statement made by counsel for plaintiff that it would be set aside if any counsel appeared and made application therefor. And counsel for plaintiff having appeared in open court and assented thereto, it is accordingly ordered and adjudged that said judgment by default be set aside and this cause reinstated; and defendant is allowed thirty days within which to plead."

On the 23d of June the pleas of the defendant in that case were filed.

On October 24, 1906, a petition for *mandamus* was filed against the clerk, and that petition is the foundation of the present action.

The petition, after reciting the recovery of the judgment by default and the order setting it aside, further alleges that the last-mentioned order was made without petitioner's consent and over her protest; furthermore, that the judge had no power to enter the order, since the term of court at which the judgment by default was rendered had already terminated.

It further alleges that on the 16th of October, 1906, the petitioner demanded of the clerk of the circuit court a writ of *fieri facias,* but the clerk refused to issue it. Thereupon the petitioner prayed that a *mandamus* be issued, commanding the clerk to issue the writ.

The United States Casualty Company was not made a party to the proceeding.

A copy of the record in the case in which the *fi. fa.* was sought accompanied the petition, and from it appeared the facts connected with the judgment by default and the order setting it aside, and the other facts above detailed.    The declaration in that cause was as follows:

"The plaintiff, Katie Spratlin, sues the defendant, United States Casualty Company, a corporation doing business in the State of Tennessee, for the sum of five thousand dollars ($5,000) with interest thereon since October 16, 1905, and for cause of such action shows:

That the defendant corporation is doing business in Tennessee, with power to insure the lives of persons and to issue its policies therefor. That, in consideration of the premium then and there paid by plaintiff to the defendant, the defendant did, on the 5th day of January, 1904, issue its policy to the plaintiff upon the life of William A. Spratlin, which policy is numbered 163,589, and denominated 'Peerless Policy of Personal Accident Insurance,' which policy is here to the court shown. That by said policy of insurance, or contract, the defendant obligated, promised, and bound itself to pay to the plaintiff, Katie M. Spratlin, wife of W. A. Spratlin, the sum of five thousand dollars ($5,000) upon satisfactory proof of the death of William A. Spratlin. While said policy was in full force and effect said William A. Spratlin received a bodily injury, effected exclusively and directly by external, violent, and accidental means, independent of any other cause, resulting in the immediate death of said William A. Spratlin, due notice of which was given the defendant, as provided in said contract. That according to the terms of said contract or policy the payment of said $5,000 was demanded of the defendant, but the same was refused, and the defendant still fails and refuses to pay the same without cause. That said failure and refusal to pay said sum of $5,000 by the defendant is not in good faith, and the plaintiff has been forced to an additional cost of $1,250. Plaintiff therefore sues the defendant for the sum of $6,250, with interest thereon since the 16th day of October, 1905, as

provided by said contract and the laws of Tennessee; and the plaintiff demands a jury to try the issues involved in this cause."

The circuit judge declined to issue the alternative writ prayed for in the petition, and dismissed the petition. Upon this action of the court the petitioner appealed to this court, and has here assigned errors.

During the argument a question was suggested concerning the failure of the plaintiff to call out the defendant in the original cause before the default was taken.

Good practice requires that the party should be called out, and that entry be made of the fact; but failure to do this will not make the judgment void. 6 Amer. & Eng. Enc. of Pl. & Pr., pp. 78, 79. The rule is probably more stringent when the default is entered on an appearance bond in criminal cases as a preliminary step to the issuance of a *scire facias. State* v. *Grigsby,* 3 Yerg., 280; *White* v. *State,* 5 Yerg., 183, 184.

In all cases where the default is taken upon an instrument showing a present indebtedness, as a bond, bill, or note, or liquidated account signed by the parties, so that the amount may be ascertained by simple calculation from the papers, judgment may be entered at once upon default taken without the intervention of a jury; but in all other cases a jury is required to fix the amount. *Masonic, etc., Association* v. *Cook,* 3 Head, 313; *Williams* v. *Bank of Tennessee,* 1 Cold., 44, 45, 46; *Miss., etc., R. R. Co.* v. *Green,* 9 Heisk., 588, 593; *Beeler* v.

*Huddleston,* 3 Cold., 201, 204; 3 Meigs' Dig., p. 1699, sec. 1723; Id., p. 2019, sec. 2823.

Manifestly, if the suit be based upon such a bill, bond, or note as above referred to, but there is no such instrument filed in the cause, there are no "papers" from which the calculation can be made; and such was the case in which the judgment by default was entered. A jury was therefore, under the facts stated, necessary before judgment could be entered for anything more than nominal damages. It is true that profert of the policy was made in the declaration; but this only means, not that the paper is in court, but that the plaintiff has it, and holds himself in readiness to produce it upon demand. Caruthers, Hist. of a Lawsuit, 184, 186; *Insurance Co.* v. *Thornton,* 97 Tenn., 1, 40 S. W., 136.

The judgment was entered for $5,172 without a jury. It would therefore be wholly improper for us to award the writ of *mandamus* to compel the issuance of an execution on such a judgment, since the court would thereby lend its aid to the effectuation of a palpable injustice.

Moreover, the proper parties are not before the court. The person whose interest is most vitally concerned, the United States Casualty Company, is wholly omitted. All persons interested should be made parties. *State, ex rel.,* v. *Willett,* 117 Tenn., 334, 97 S. W. 299; *Powell* v. *People,* 214 Ill., 475, 73 N. E., 795, 105 Am. St. Rep., 117; *City of Austin* v. *Cahill* (Tex. Civ. App.), 88 S. W., 536.

In addition to the foregoing, it is clear the clerk did

not wrongfully refuse to issue the execution. He could act only in obedience to his records. In the face of a minute entry setting aside the judgment on which the petitioner asked him to issue an execution, he could not issue such execution. It was not for him to pass judgment on the act of the circuit judge in setting aside the judgment. He was only a ministerial officer. *State* v. *Miller*, 1 Lea, 596, 606, 607; *State* v. *Wilbur*, 101 Tenn., 211, 220, 47 S. W., 411; 2 Spelling, Inj. & Extr. Rem., secs. 1378, 1418.

If the petitioner desired to question the entry setting aside the judgment by default, she should have brought to this court by the writ of *certiorari* the case in which the entry was made, and the error, if any, could have been corrected in that form. Possibly, also, the action of the court could have been corrected by appeal or writ of error.

The learned counsel for petitioner has cited numerous authorities (*Bronson* v. *Schulten*, 104 U. S., 410, 26 L. Ed., 797; *Anderson* v. *Thompson*, 7 Lea, 262; *State* v. *Dalton*, 1 Cates, 549, 72 S. W., 456; *Alice Johnson* v. *V. C. Russell*, MS., Jackson, April Term, 1895), to the effect that a judgment cannot be set aside at a subsequent term of the court. Without controverting these authorities at all, we only say that the question cannot be brought before this court in the manner attempted. *Mandamus* is an extraordinary writ, and can be resorted to only when other remedies fail. *Ex parte Connecticut Life Ins. Co.*, 26 L. Ed., 561; 2 Spelling, Inj.

State, ex rel., v. Thompson.

and Other Extra. Rem., secs. 1368, 1369; High on Extra. Leg. Rem. (3d Ed.), sec. 39.

The foregoing objections are insuperable obstacles in the way of the maintaining of the petition.

It results that there is no error in the judgment of the court below, and it must be affirmed.