IN THE

# SUPREME COURT OF TENNESSEE

FOR THE

## WESTERN DIVISION

## JACKSON, APRIL TERM, 1917.

STATE *ex rel.* WOOLLEN *v.* PEARSON (two cases). (Nos. 1, 2.)

*(Jackson.* April Term, 1917.)

1. **MANDAMUS. Right to writ. Efficacy of remedy.**

Where after suits were begun to compel by *mandamus* a reassessment of property which had already been assessed on the theory that it was assessed at too low a figure, the legislature enacted Acts 1915, chapter 124, prohibiting reassessment of property except that which has never been assessed, the peremptory writ would not be awarded since it would compel a vain act. (*Post, pp.* 251-253.)

Acts cited and construed: Acts 1915, ch. 124.

Cases cited and approved: State v. Wilbur and Walker v. Henderson, 101 Tenn., 211; Harris v. State, 96 Tenn., 496; State v. Enlow, 121 Tenn., 347; Brown v. Ice Co., 122 Tenn., 239.

2. **STATUTES. Reassessment. Construction. Repeal.**

Acts 1915, chapter 124, prohibiting reassessment of property except that which has never been assessed, as applied to suits already brought to. compel reassessment, is not affected by Shannon's Code, section 61, providing that the repeal of a statute does not

affect any right which accrued nor proceeding commenced under the statute repealed, since such act is not a repealing statute. (*Post, pp.* 253, 254.)

Acts cited and construed: · Acts 1915, ch. 124.

Case cited and approved: Zickler v. Union Bank & Trust Co., 104 Tenn., 277.

Case cited and distinguished: Home Ins. Co. v. Taxing Dist., 72 Tenn., 644.

Code cited and construed: Sec. 61(S.).

3. **TAXATION. Reassessment. Statutes. Construction.**

Acts 1915, chapter 124, prohibiting reassessment of property except that which has never been assessed, prohibits reassessment of property which has escaped adequate assessment through fraud, or which has been in any degree assessed by the regularly constituted authorities. (*Post, p.* 254.)

4. **TAXATION. Reassessment. Statutes. Construction. "Any property."**

The words "any property in the State of Tennessee," in such act are sufficiently broad in meaning to cover any character of property subject to taxation. (*Post, pp.* 254, 255.)

---

FROM MADISON.

---

Appeal from the Chancery · Court of Madison County—J. W. Ross, CHANCELLOR.

T. W. POPE and R. F. SPRAGINS, for complainant.

W. G. TIMBERLAKE, for defendant.

MR. JUSTICE BUCHANAN delivered the opinion of the Court.

In each of the above cases the State, on the relation of its revenue agent, sought the issuance of

the writs of *mandamus* to compel the county trustee to proceed to back or reassess certain property.

Such proceedings were had in each case as that, on March 16, 1915, the chancellor decreed the is-suance of the peremptory writ of *mandamus,* in ac-cordance with the prayer of the bill. From each of these decrees the trustee has prosecuted a broad appeal to this court. Since the rendition of the de-crees the General Assembly of this State passed chap-ter 124 of the Public Acts of the year 1915, reading as follows:

"House Bill No. 327.

"An act to prevent back or reassessment of real and personal property which has been assessed by the regularly constituted assessing authorities, and to repeal all laws in conflict herewith.

"Section 1. Be it enacted by the General Assembly of the State of Tennessee, that from and after the passage of this act, it shall not be lawful for any back or re-assessment to be made against any prop-erty in the State of Tennessee which has been as-sessed by the regularly constituted assessing authori-ties: Provided, however, that nothing in this act shall prevent the back or re-assessment of any property real or personal, which shall have entirely escaped assessment and taxation, providing that unless prop-erty has escaped taxation by fraud.

"Sec. 2. Be it further enacted, that all laws and parts of laws in conflict with this  act be and the same are hereby repealed.

"Sec. 3. Be it further enacted, that this act take effect from and after its passage, the public welfare requiring it.

"Passed May 15, 1915.

WM. P. COOPER,

"Speaker of the House of Representatives.

· "ALBERT E. HILL,

"Speaker of the Senate.

"Approved May 17, 1915.

· "TOM C. RYE, Governor."

By this·act the back or re-assessment of any property in the State of Tennessee, which prior to the back or re-assessment had been assessed by the regularly constituted assessing authorities, was made unlawful, and the act took effect from and after its passage.

A peremptory writ of *mandamus,* if granted now, would be a mandate to the county trustee to do a vain thing, for if he assumed jurisdiction of the subject-matter, and reached the conclusion that, under the statutes of this State antedating the act of· 1915, there should be a back or re-assessment of the property, such a result could not be accomplished because of the controlling effect of the undisputed fact that the property involved in each case had been assessed by the regularly constituted assessing authorities, and the taxes paid by the owners of the property based on such assessment prior to the institution of any of the proceedings here involved; and because, by the act of 1915, a back or re-assessment under such a state of facts is made unlawful.

In one of our cases, quoting. from High on Extra-
ordinary Legal Remedies (3d Ed.), section 39, it
is said that the writ "issues only when there is a
clear and specific legal right to be enforced, or a
duty which ought to be and ·can be performed, and
where there is no other specific and legal remedy.
The right which it is sought. to protect must there-
fore be clearly established, and the writ is never
granted in doubtful cases.   The person seeking the
relief must show a clear legal right to have the
thing sought by it done, and done in the manner
and by the person sought to be coerced.   The writ,
if granted, must also be effectual as a remedy, and
must be within the power of the respondent, as well
as his duty, to do the act in question.   It follows,
also, from the important position which this writ
occupies as a remedial process, as well as from its
nature as an extraordinary remedy, that the exercise
of the jurisdiction rests, to a considerable extent.
in the sound discretion of the court, subject always to
well settled principles which have been established
by the courts or fixed by legislative enactment.
Causes may therefore arise where the applicant for
relief has an undoubted legal right, for which man-
damus is the proper remedy, but where the court
may, in the exercise of a judicial discrimination,
still refuse the relief."   *State* v. *Wilbur* and *Walker*
v. *Henderson*, 101 Tenn. (17 Pick.), pages 211-221,
47 S. W., 411, 412.

See, also, *Harris* v. *State,* 96 Tenn. (12 Pick.), 496-520, 34 S. W., 1017; *State* v. *Enloe,* 121 Tenn. 13 Cates), 347-380, 117 S. W. 223; *Brown* v. *Ice Co.* 122 Tenn. (14 Cates), 239-247, 122 S. W., 84, 19 Ann. Cas., 308.

It is however, insisted for the revenue agent that the passage of the act of 1915 should not affect proceedings pending at the time of its passage, and he relies on section 61 of Shannon's Code, reading as follows:

"The repeal of a statute does not affect any right which accrued, any duty imposed, any penalty incurred, nor any proceeding commenced, under or by virtue of the statute repealed."

There is no merit in this insistence. The act of 1915 was not a repeal of any of the legislation antedating it relied on by the revenue agent, although the later act made unlawful that which might have been done under former legislation. The act of 1915 does not expressly, or by implication, repeal any former legislation.

The effect of the act of 1915 was merely to render unlawful what might have lawfully been done under previous legislation, and, as pointed out in one of our cases:

"It is a mere form of expressing the result to say that the one repeals the other by implication. The prior act is not repealed, but rendered inoperative. And this is made plain by the fact that a direct repeal of the latter act, without any reference to the

former, will, by a rule of the common law, give efficacy to the former. It was precisely because the old act never was repealed that it thereby became operative. It is a convenient, though inaccurate, use of language to say that the new law repeals the old, and that the repeal of the new law revives the old. More properly the new act is an obstacle to the operation of the old act, which obstacle is removed by its repeal." *Home Insurance Co.* v. *Taxing District,* 72 Tenn. (4 Lea), page 644.

The above quotation was approved in *Zickler* v. *Union Bank & Trust Co.,* 104 Tenn. (20 Pick.), 277, 57 S. W., 341.

Another insistence made by the revenue agent is that the act of 1915, when properly construed, does not prohibit the reassessment of property which has escaped adequate assessment through fraud. This insistence seems to rest upon a misconception of the effect of the proviso in the second section of the act. The proviso relates wholly to "any property real or personal, which shall have entirely escaped assessment and taxation." The proviso has no operation whatsoever upon property "which has been assessed by the regularly constituted assessing authorities."

Another insistence made by the revenue agent is that the property sought to be reassessed in one of these cases is not within the purview of the act of 1915. But we think the insistence is wholly unsound. The words "any property in the State of Tennessee," are sufficiently broad in meaning to cover any character of property subject to taxation under our laws.

It results that, in our opinion, there is no merit in any of the points made by the revenue agent, and each of them are accordingly overruled.

The act of 1915, upon the undisputed facts of this case, stands as a clear inhibition of the back or re-assessment of the property involved in these cases, and it results that the decree of the chancellor will be so modified as to deny the issuance of the peremptory writ of *mandamus*.