STATE *ex rel.* HURST *et al. v.* SULLIVAN COUNTY *et al.*

(*Knoxville,* September Term, 1938.)

Opinion filed October 15, 1938.

John F. Blevins, of Blountville, and Walter R. Gray, of Greeneville, for appellants.

Thomas Curtin, of Bristol, for appellees.

Mr. Justice McKinney delivered the opinion of the Court.

This suit involves the liability of the county for costs in small offense cases in justice of the peace courts where the accused have submitted their cases and, being unable to pay fines and costs adjudged against them, have been committed to the county jail. The chancellor dismissed the bill upon demurrer, and relators have appealed to this court and have assigned the action of the chancellor for error.

During the time that the costs sued for herein accrued the county did not maintain a workhouse and did not work the prisoners that were committed to its jail. In this situation the chancellor very properly held that the county was not liable for such fees.

Section 12211 of the Code provides as follows:

"Officers are entitled to no other fees in criminal cases, except such as are expressly provided by law, and in no case are they entitled to payment from the state or county, unless expressly allowed."

The only statute dealing with costs in cases arising under the small offense law is section 12246 of the Code, which provides, in part, as follows:

"Neither the State of Tennessee nor any county thereof shall pay or be liable in any criminal prosecution for any costs or fees hereafter accruing, except in the following classes of cases: . . .

" (2) Cases under the small offense law where the defendant has submitted before a justice of the peace and been sent to the workhouse . . . ."

 The workhouse system was created by Chapter 123, Acts of 1891, its purpose being to permit the several counties to employ its prisoners in the various activities in which it was engaged, such as working roads, cultivating county farms, working in and around their public buildings, and the like. Where these inmates worked out their fines and costs in this manner, and the county received the benefit of their labors, it was but just and right that it should pay such costs to the parties entitled thereto the same as it would disburse costs paid to it in cash by such inmates. Where, however, the county received no benefit from these imprisonments it was never intended by the Legislature that the county should pay such costs out of its treasury. Such was the interpretation of the workhouse law by this court in 1903 in the case of *Musgrove* v. *Hamilton County,* 111 Tenn., 1, 18, 77 S. W., 779, in which it was said:

"We cannot agree with counsel for the petitioners, nor with the concession of counsel for the county, that the costs became at once payable out of the county treasury (even though taxed, certified, and approved), before the county has realized the fund out of which to pay them. It is the purpose of the workhouse act, in addition to the punishment of confinement, and along with such confinement, to provide the funds to pay the costs of the prosecution. If the county fails

to realize such fund because of escapes or deaths, or other causes, then it has no funds properly applicable to the payment of such costs, and cannot be required to pay them. They are charges against the county, but to be paid out of the funds realized from the defendant, and not otherwise.''

It is said that the foregoing statement was not necessary to a decision in that case. The court in construing the workhouse act quite naturally stated what it conceived to be the object and purpose of the law, but even though the foregoing statement be held to be *obiter dictum*, it is quite persuasive, and accords with our interpretation of the act.

Counsel for relators invoke section 10751 of the Code, which provides:

''The word 'jail' shall be taken to include workhouse, and 'workhouse' shall be taken to include jail, whenever the context so requires or will permit.''

This statute creates a rule for the interpretation of criminal statutes, and simply means that where one word has been erroneously used in a statute for another, and the context affords means of construction, the proper word will be deemed substituted. *White* v. *Rio Grande Western Ry. Co.*, 25 Utah, 346, 71 P., 593. It was not the purpose of the Legislature to provide generally that the words ''jail'' and ''workhouse'' should mean the same thing and be used interchangeably, as counsel have assumed.

Under the express provisions of the involved statutes a jail and a workhouse are separate institutions, which function under different systems, notwithstanding both may be maintained in the same building. The jail is controlled and supervised by the sheriff of the county,

while the workhouse is managed and directed by a board of commissioners. That the Legislature intended that the distinction between a jail and a workhouse was still to be preserved is clearly shown by section 12006 of the Code, which provides:

"In all cases where a person is by law liable to be imprisoned in the county jail for safe-keeping or punishment, confinement in the workhouse, if one be provided, may, in the discretion of the court or justice, be substituted."

Where, in a penal statute, either the word "jail" or "workhouse" has been erroneously used, this statute could be invoked; but is it not applicable in this cause.

The question as to the liability of the county for such costs where the defendant is committed to a workhouse but is not required to work, or is committed to a jail and works out his fine and costs, are not involved, and we express no opinion relative thereto. We simply hold that where, under the small offense law, the defendant submits and is committed to jail, and does not work out his costs accrued in the justice of the peace court, that the county is not liable for such costs.

The decree of the chancellor is affirmed.