L. N. HALBERT v. J. J. TERRELL, COMMISSIONER OF THE GENERAL LAND OFFICE, ET AL.

No. 1821. Decided October 21, 1908.

1.—School Land—Lease—Attempted Purchase.

A lessee of School Land by attempting to purchase the same when not entitled to a preference right to do so does not forfeit his rights as lessee; when his application to purchase was rejected by the Land Commissioner, his right as lessee continues and the land does not become subject to purchase by another. (P. 31.)

2.—School Land—Mandamus—Parties.

The Supreme Court can not entertain suit against the Land Commissioner for mandamus requiring him to recognize an applicant as purchaser when there is an adverse claimant not made a party. (P. 31.)

Original application by Halbert to the Supreme Court for mandamus requiring Terrell, as Land Commissioner, to recognize his rights as an applicant to purchase school lands. H. L. Kokernot, an adverse claimant of one of the tracts involved, was made corespondent.

*James & Yeiser,* for relator.—Kokernot appearing to be one of the original lessees and therefore entitled to a preference right to purchase said section, having attempted to impose upon the General Land Office, and having caused said lease to be cancelled as to said section, and having caused the same to be illegally awarded to him, the said lease was no longer an obstacle to purchase said land when your relator applied to purchase same. Nevell v. Terrell, 99 Texas, 355; Patterson v. Terrell, 96 Texas, 512.

*Robert V. Davidson,* Attorney-General, and *Wm. E. Hawkins,* Assistant, for respondent Terrell.

*R. L. Ball* and *Denman, Franklin & McGown,* for corespondent Kokernot.—Under the laws of Texas, the assignment by J. W. and H. L. Kokernot of the lease on section 97 to Cawthon, could not become effective to substitute Cawthon as lessee, unless and until the State assented thereto; and even if it be conceded, which we deny, that the State has conferred upon the Land Commissioner authority to recognize such a transfer, the effect of which would be to release the Kokernots from the payment of the lease money and compel the State to look to the assignee Cawthon; still it seems to be clear that since the Commissioner did not even know of the existence of the attempted transfer until after Cawthon had transferred back to Kokernot, and since the Commissioner, after he became aware of this state of facts did not elect to attempt to hold Cawthon and thereby release Kokernot, but still treated Kokernot as the lessee, and adjusted the rights

between the State and Kokernot under the lease, ignoring the attempted assignment to Cawthon, whereby Kokernot would undoubtedly still be liable for the lease money if the sale were to prove void, and would still have been liable for the lease money if the Commissioner had rejected his application to purchase for some valid cause and had insisted upon him paying the lease money, it follows that the attempted transfer of the lease on section 97 must be ignored by the court as it was by the Land Commissioner, and by the State through him, and therefore the award of the land to Kokernot was valid. Garza v. Terrell, 99 Texas, 506; Sayles Civil Statutes, art. 3121; Revised Statutes, art. 3250; Gulf, C. & S. F. Ry. Co. v. Settegast, 79 Texas, 262; Forrest v. Durnell, 86 Texas, 647; Stokes v. Riley, 29 Texas Civ. App., 373; Carothers v. Rogan, 96 Texas, 113; Scott v. Slaughter, 35 Texas Civ. App., 524; Adkinson v. Porter, 73 S. W., 43; Matthews v. Whitaker, 23 S. W., 538; Moore v. State, 61 S. W., 487; Ketner v. Rogan, 95 Texas, 559; Patterson v. Knapp, 100 Texas, 587.

If said application and award were effective as a sale of the land to H. L. Kokernot, it merely took the land out of the lease, leaving the lease in full force in all other respects, and if they were not effective to constitute H. L. Kokernot the purchaser of the land but were wholly void, then the State has the right to treat the lease as still valid and in force and to hold H. L. Kokernot for the lease money on said section 97 to the end of the term; and the Commissioner of the Land Office having refused to take any action to avoid the lease, the land is still under the lease and was not on the market when relator, N. L. Halbert, applied for the same, and therefore his application was correctly refused and he is not entitled to mandamus. Patterson v. Knapp, and authorities, supra; Adams v. Terrell, 107 S. W., 537.

Mr. Chief Justice Gaines delivered the opinion of the court.

This is an application to compel the Commissioner of the General Land Office to receive the application of relator to buy a section of school land and to recognize him as the purchaser thereof. H. L. Kokernot, who is shown upon the records of the Land Office as the purchaser of the land, is made a co-respondent.

The undisputed facts as shown by the pleadings in the case are as follows: On the 28th day of August, 1899, the section of land in controversy, which is section 97 of the Galveston, Harrisburg & San Antonio Railway Company surveys, together with several other sections, was leased to J. W. & H. L. Kokernot for the term of ten years from the 26th day of August, 1899. The Kokernots on the 24th day of February, 1902, transferred their lease to part of the leased lands to one Henderson, and, on the same day, another part to one Gillett, and on another date not given another part to one Winders. Sales of the lands the leases to which were so transferred, were made by virtue of the preference right so given by said assignment. On the 11th day of June, 1903, the lease on section 97, and other sections was transferred to S. D. Cawthon. On the 11th day of January, 1907, Cawthon transferred the lease on that section to H. L. Kokernot, who thereupon made application to purchase the

section as the holder of the lease.  His application was accepted and the land awarded to him as a purchaser.

We have been cited to no statute, nor after a search here have we found any, which provides that an attempted purchase of leased land by a lessee forfeits all rights in the leased land in case he is not entitled to buy.  It is difficult in this case to say that H. L. Kokernot was entitled to purchase section 97.  It would seem to be the duty of the Commissioner in such a case to say to the applicant to purchase: I can not recognize your right to purchase and therefore you must hold to your lease.  Therefore we deem it unnecessary to pass upon the question whether H. L. Kokernot is entitled to buy, for, if not, his lease is good and the land was not on the market at the time relator made his application to purchase.  The tender of the lease being in consideration and in expectation that he will be permitted to purchase the land if the purchaser be refused, it is evident the offer to cancel is not accepted.  Since in no aspect can we see that the land was on the market for sale at the time of relator's application to purchase the writ of mandamus must be refused.

The respondents seem at a loss to ascertain whether the relator is seeking a mandamus as to section 99.  But if the purpose of the proceeding is in part to have a mandamus to compel the Commissioner to award the land to the relator, we can not consider that question, because it appears that that section has been awarded to another applicant who is not made a party to the suit.

The mandamus is refused.