### WARREN v. SCARBOROUGH, Judge.
### (No. 8053.)

(Court of Civil Appeals of Texas. Dallas. April 29, 1922.)

1. **Mandamus** $\Longleftrightarrow$ 164(4)—**Judge who states in answer that case will be taken up in its regular order will not be required to proceed to trial by mandamus.**

Where judge, in answer to application for writ of mandamus to compel him to proceed to trial in a certain suit, states that the case will be taken up and acted on in its regular order of setting on the docket, the writ will not be granted, notwithstanding intimation in answer that when a contest is filed to affidavit in forma pauperis it will be sustained upon knowledge previously acquired by the judge, since the Court of Civil Appeals will not presume and anticipate future acts of the judge to be unwarranted and contrary to law.

2. **Mandamus** $\Longleftrightarrow$ 28—**Honest discretion of district courts with reference to proceeding to trial not interfered with by Court of Civil Appeals.**

The Court of Civil Appeals on application for writ of mandamus will not interfere with the honest discretion of district courts in proceeding to trial.

3. **Costs** $\Longleftrightarrow$ 132(1)—**Court cannot decline to try case on affidavit in forma pauperis in absence of contest.**

The court cannot decline to try a case upon the plaintiff's affidavit in forma pauperis in lieu of a bond in the absence of a contest; the court having no right in such case to base refusal to try case on knowledge acquired by him before his accession to the bench in transactions with the plaintiff.

Original application for writ of mandamus by Lizzie Warren against Judge Hawkins Scarborough. Application refused.

J. S. Simkins, of Corsicana, for relator.

Judge Hawkins Scarborough, of Corsicana, pro se.

PER CURIAM. This is an original application for a writ of mandamus against the

respondent to compel him to proceed to trial and final judgment in a suit pending on the nonjury docket of the district court of Navarro county.

The cause.was set for trial at a previous term of the court. When it was called for trial the defendant invoked the rule for costs. In response to defendant's motion to this effect the plaintiff in the case (relator here) filed an affidavit in forma pauperis. Thereupon the attorney for the defendant obtained a continuance in order to prepare to contest the affidavit. The cause was again set for trial at the next succeeding term. When the day on which it was set for trial arrived, no contest of the affidavit had been filed.

The plaintiff's counsel insisted that the case be heard. The judge of the court refused to try the case and continued it for the term. In connection with this proceeding he stated that he would keep the case on the docket, but would never try it until and unless either a cash bond were executed by the plaintiff or a deposit were made to secure the cost.

The relator (plaintiff in the case) filed her application before this court for mandamus based upon the conduct of respondent above described.

Respondent has answered, and says that the case was set on the jury docket through error, and that to have heard it would have upset the jury docket, to which preference is always given. He admits that he made, in substance, the statement attributed to him, but explains that he personally knows relator is able to pay the costs of court, and that what he meant was that when the contest is heard he will sustain it and refuse to try the case on its merits unless a bond is given or a deposit is made for costs. He also stated that the case will be taken up and acted upon in its regular order of setting on the docket.

[1] To grant the writ of mandamus in the light of the answer would be to do what the law does not empower us to do. It clearly seems to us that ordering the writ to issue now, in the face of respondent's declaration under oath that the case will be treated as other cases with reference to setting and will be acted upon when it is regularly reached on the docket, would be an unwarranted and dictatorial act, such as at all times is to be cautiously avoided by us.

[2] Certainly the honest discretion of district courts, which they are to exercise in all such matters free of constraint, is not to be interfered with by this court.

Relator argues that, since no contest of the affidavit has been filed, it is not within the discretion of the respondent to refuse to try the case upon its merits in any event. The answer to this contention is that the authority of this court in the premises can be invoked only after the case is presented to respondent and he refuses to act upon it for a reason not sustained by law.

[3] We do not understand that the court can decline to try the case upon the affidavit in lieu of a bond in the absence of any character of contest. This would be tantamount to ·denying relator her day in court. The relator is a negro woman, whom respondent in his answer intimates he knows by reason of some character of dealing with her in a criminal court, through which he acquired knowledge of her ability to give bond for costs of court or to pay costs of court. Knowledge thus acquired by respondent before his accession to the bench, as disclosed in his answer, could not be made the basis of his refusing to hear the case on its merits. The only basis for refusing to proceed to a final disposition of the case would be a contest of relator's affidavit sustained by evidence adduced in relation to it.

However, ·notwithstanding the intimation in the answer that, when a contest is filed, it will be sustained upon knowledge previously acquired by respondent, we will not presume and anticipate future acts of respondent to be unwarranted and contrary to law.

The application for mandamus is refused.