**BATEN v. CAMPBELL, District Judge.**

No. 2529.

Court of Civil Appeals of Texas. Beaumont. July 27, 1933.

Thomas J. Baten, W. D. Gordon, and E. E. Easterling, all of Beaumont, for relator.

Orgain, Carroll & Bell and Duff & Cecil, all of Beaumont, and Baker, Botts, Andrews & Wharton, of Houston, for respondent.

WALKER, Chief Justice.

This is a mandamus suit, filed in this court on the 27th day of June, 1933, as an original proceeding, with Thomas J. Baten as relator, against Hon. J. D. Campbell, judge of the Sixtieth district court, as respondent. The case was duly submitted to us on the 6th day of July, upon the verified petition of relator, the verified answer of respondent, their written briefs, and their oral argument. No evidence other than the verified pleadings was offered or received upon submission. The facts, as reflected by the pleadings, may be stated briefly as follows: On the 23d day of January, 1926, Mrs. Jeanette M. Mann, joined by her husband, Charles H. Mann, *claiming the absolute title to* 1 acre of land in Spindletop oil field, a part of the John Douthitt 152-acre survey in Jefferson county, executed a lease thereon to relator, by a specific description to the effect that it was adjacent to the west boundary line of the right of way of the Texas & New Orleans Railway Company and ran with the west line of the right of way 184.3 feet. In this lease the Manns retained a royalty interest in the oil. It was the contention of the Manns and relator that the boundaries of this 1 acre of land extended, as a matter of law and by the express language of their grant, across the west boundary line of the right of way to the center of the railroad track, thereby adding $4/10$ of an acre of land to the specific 1 acre as described in the lease; the description in the lease was sufficient to cover the additional $4/10$ of an acre of the right of way. On the 14th day of April, 1926, relator assigned his lease thus executed to him by Mrs. Mann to Gulf Production Company, retaining a $1/24$ overriding royalty; whether or not this assignment was limited to the specific 1 acre or included the $4/10$ of an acre of the railroad right of way is a disputed issue. On the 30th day of April, 1926, a group of litigants, W. S. Nearen et al., instituted suit No. 26612, styled W. S. Nearen et al. v. Mrs. Jeanette Mann et al., in the Fifty-Eighth district court of Jefferson county, of which Hon. Geo. C. O'Brien was and still is judge, to recover an interest in the land and premises leased by Mrs. Mann to relator. Final judgment was entered in that cause on the 11th day of June, 1926, to the effect that the Nearens and their attorneys, S. M. Kins and John C. Jackson, recover a one-half interest in all the land covered by relator's lease, and that the Manns recover the other one-half interest, and ratifying and confirming relator's lease as executed to him by Mrs. Mann and her husband, and also ratifying and confirming the interest of Gulf Production Company as assigned to it by relator. The Texas & New Orleans Railroad Company and Rio Bravo Oil Company took leases on the $4/10$ of an acre of the right of way, claimed

by the Manns and Nearens, from parties claiming adversely to the Manns and Nearens, and proceeded to develop this $4/10$ of an acre of land for oil. Thereafter, on the 21st day of July, 1926, the Manns, the Nearens, and their attorneys, King & Jackson, and relator and Gulf Production Company instituted a suit against Rio Bravo Oil Company and the parties under whom it claimed in the Sixtieth district court of Jefferson county, of which respondent was and still is judge, styled Mrs. Jeanette Mann et al. v. Rio Bravo Oil Company et al., and numbered 27039, to try the title to the $4/10$ of an acre of the railroad right of way, and to enjoin the defendants from prospecting upon and developing it for oil. About the same time another group of litigants, Jas. F. Weed et al., holding a claim against another portion of the railroad right of way, identical in its legal effect with the claim of the plaintiffs in cause No. 27039, instituted a similar suit in the Sixtieth district court against Rio Bravo Oil Company and those under whom it claimed, praying for the same relief as prayed for by the plaintiffs in cause No. 27039. The parties to both these suits mutually agreed to prosecute the Weed suit to final judgment as a test of the title of the right of way, and, to effectuate that agreement, the parties to cause No. 27039, Mann et al. v. Rio Bravo Oil Company et al., entered into the following written agreements:

"The parties to the above styled and numbered cause, appearing herein by and through their respective attorneys of record, enter into the following stipulation and agreement:

"1. In order to preserve the interests of all parties hereto, in so far as possible, and to cause as little inconvenience and expense as possible, it is agreed that operations may be continued by the defendants on the property in plaintiffs' petition described, as if no injunction or temporary restraining order had been prayed for herein, provided that if the final judgment in this cause by the Court of last resort acting thereon be that plaintiffs are entitled to a permanent injunction herein, plaintiffs shall be entitled to the oil produced, or the value thereof on the day produced, together with six per cent (6%) interest from the time of production; provided that defendants shall be allowed to deduct and retain from the oil produced from each well drilled and brought in by them the actual expenses incurred by them for labor and material in drilling and operating such well, plus the overhead charge of five per cent (5%) of the amount, however, that in the event the production of any well is not sufficient to pay the cost and expenses thereof, same shall not be a charge against the production of any other well; and provided further that in such event the plaintiffs shall be the owners of the physical properties used in the drilling and operation of said well and paid for out of the expense of said wells and they shall have the right to remove said physical properties from said premises.

"2. In the event the final decree in this cause by the court of last resort passing on the same is that the plaintiffs are not the owners of the minerals in the land described in plaintiffs' petition, and that they are not entitled to a permanent injunction as therein prayed for, then, in that event, the oil produced by the defendants from said land during the pendency of this suit shall be the property of the defendants, as their interest may appear.

"3. This agreement shall not affect the merits of this cause, nor any of the rights of the parties, except as herein stipulated and agreed."

"4. (Paragraph 4 is omitted as immaterial here).

"5. By the use of the term 'value thereof on the day produced,' as used in Paragraph 1, of this agreement, is meant the prevailing posted price of oil in the field on the day of production."

The foregoing agreement was signed by counsel for all parties in that proceeding. Contemporaneously therewith, there was also signed and filed in cause No. 27039 the following additional agreement:

"The parties to the above styled and numbered cause, appearing herein by and through their respective attorneys of record, enter into the following stipulation and agreement, supplementing the stipulation and agreement heretofore entered into by all parties on the ——— day of ——— A. D. 1926;

"1. Whereas, there is a suit now pending in the 60th District Court of Jefferson County, Texas, No. 26969, styled James F. Weed et al. v. Rio Bravo Oil Company et al. in which the issues of law and fact are the same as in this cause, and an adjudication of such issues will determine the rights of the parties herein, said cause having precedence on the docket of said court:

"Now, therefore, it is agreed that the judgment to be hereafter entered in this cause shall be determined by the results in the court of last resort, acting thereon, of said pending suit of James F. Weed et al. v. Rio Bravo Oil Company et al., and that should it be determined by the court of last resort acting thereon that the plaintiffs therein are entitled to a permanent injunction against the defendants, then, and in that event, final judgment shall be entered for the plaintiffs in this cause, and the rights of all parties in this cause shall be fixed in accordance with the terms of the original stipulation and agreement above referred to, heretofore entered into in this cause, while on the other hand, if said judgment be to the effect that

laintiffs therein are not entitled to a permaent injunction against the defendants, then nal judgment shall be entered for the deendants in this cause, and the rights of all arties to this cause shall thereupon be fixed n accordance with the terms of the original tipulation and agreement above referred to nd heretofore entered into in this cause.

"It is further agreed that this suit shall e held in abeyance pending the disposition f said suit of James F. Weed et al. v. Rio ravo Oil Company et al., provided, however, hat in the event said Weed suit is not proseuted to final termination within a reasonable ime, or if the same be settled by agreement f the parties, then this suit may be tried on s merits."

After the execution of these agreements he Weed suit was prosecuted to final judgent in the Sixtieth district court before espondent, and duly appealed to this court here it was affirmed, Rio Bravo Oil Comany v. Weed, 300 S. W. 171; writ of error as granted by the Supreme Court, but the udgment of this court was affirmed in an pinion by the Commission of Appeals, Rio ravo Oil Company v. Weed, 50 S.W.(2d) 080; against that judgment the Supreme ourt of the United States refused to take urisdiction. After taking its assignment uner relator, Gulf Production Company enered upon the 1 acre of land, exclusive of the ailroad right of way, and developed it for il, thereby fully discharging all obligations ssumed by relator as part of the consideraion to be paid by him for the lease, perfectng and maturing in him the title granted im by the Manns, and ratified and confirmd by the Nearens. After the execution of he written agreements copied above, the io Bravo Oil Company proceeded to develop he 4/10 of an acre of right of way for oil, nd took therefrom oil of the value of $1,24,374, which, under the agreement filed by he parties in cause No. 27039, as copied bove, belonged to the plaintiffs in that case. he interest claimed by relator in that sum, nder the terms of the judgment in cause o. 26612, Nearen et al. v. Mann et al., in the ifty-Eighth district court, and under an asignment to him from Mrs. Mann, was $67,89.76; Rio Bravo Oil Company allocated that um to relator and settled with the other arties to cause No. 26612, as their interests ere adjudged them by the judgment theren, thereby leaving in its hands only the sum llocated to relator.

Claiming that his assignment to Gulf Prouction Company conveyed to it no interest n the 4/10 of an acre of railroad right of way, ut was limited to the specific 1 acre exclusive of the right of way, and that under his ease from Mrs. Mann he was entitled to all he proceeds of the oil produced from the ight of way, except the royalty reserved to rs. Mann, relator conveyed to the Rio Oil Company the interest thus claimed by him in the value of the oil produced from the 4/10 of an acre of the right of way, except his 1/24 overriding royalty, but specifically reserved to himself his overriding royalty of 1/24. After accepting this assignment, the Rio Oil Company instituted in federal court, Eastern district of Texas, against Gulf Production Company et al., a suit to recover the interest thus conveyed to it. After that suit was filed, relator, on the 16th day of June, 1933, filed suit in the Fifty-Eighth district court, No. 41180, Thos. J. Baten v. Jeanette Mann et al., before the Hon. Geo. C. O'Brien, against the Manns, the Nearens, and their attorneys, S. M. King and John C. Jackson, Gulf Production Company, and other parties claiming under them, alleging in his petition that the defendants named therein were slandering his title to his 1/24 overriding royalty as adjudged to him in cause No. 26612, Nearen et al. v. Mann et al., and were publicly asserting that he had no interest in the 4/10 of an acre of the railroad right of way under that judgment; and by appropriate allegations pleaded his title to his overriding royalty in the 4/10 of an acre; and prayed for judgment against the defendants to recover his title as pleaded, and for actual and exemplary damages; and further for a temporary injunction, restraining the defendants and each of them from filing suit against him in any other court, putting in issue his title to the 1/24 overriding royalty in the 4/10 of an acre of the railroad right of way, as claimed by him under judgment in cause No. 26612 in the Fifty-Eighth district court. The temporary injunction was granted by Judge O'Brien, as prayed for by relator, and has not been set aside or modified in any way. After that suit was filed and the temporary injunction granted, relator, on the 16th day of June, 1933, filed his motion in cause No. 27039, Mrs. Jeanette Mann et al. v. Rio Bravo Oil Company et al., against Rio Bravo Oil Company and Texas & New Orleans Railroad Company, pleading as follows: The lease from the Manns to him; his assignment to Gulf Production Company; the suit of the Nearens against the Manns in cause No. 26612 in the Fifty-Eighth district court; the final result of that suit; the suit of Mrs. Mann et al. v. Rio Bravo Oil Company et al., No. 27039; the Weed suit against the Rio Bravo Oil Company; the written agreements copied above, whereby Rio Bravo Oil Company was to develop the 4/10 of an acre of the railroad right of way for oil, and the Mann suit, No. 27039, against Rio Bravo Oil Company, was to abide the result of the Weed suit; the prosecution of the Weed suit to final judgment in favor of the plaintiffs, and that the effect of the Weed judgment and said written agreements was to vest in relator and the other plaintiffs in cause No. 27039, Mrs. Mann et al. v. Rio Bravo Oil Company et al., the value of all oil taken from the 4/10 of an acre of railroad right

of way in the sum of $1,224,374; his interest in the sum of $1,224,374 amounted to $67,489.76; and Rio Bravo Oil Company had settled with all plaintiffs in cause No. 27039, except relator, but was arbitrarily and willfully refusing to settle with him and to pay him his interest in the proceeds of the oil, or any part thereof. The facts pleaded by relator, without detailing them further, were sufficient to show ownership by him of the $67,489.76, allocated to him by Rio Bravo Oil Company. The prayer was for the following specific relief:

"He accordingly moves the court to grant him the following relief, there being no issues of fact in controversy of any nature or kind, or matter subject to judicial inquiry or determination, under the terms hereinbefore set out, to-wit:

"(1) That this cause be severed and redocketed under the name of this plaintiff as sole plaintiff against the said defendants Rio Bravo Oil Company and Texas & New Orleans Railroad Company, and the co-defendants named with them, whose rights are purely incidental and dependent upon the rights of said Rio Bravo Oil Company and Texas & New Orleans Railroad Company.

"(2) That the court thereupon enter judgment in behalf of this plaintiff for the sum of $67,135.08, with interest from the date of such entry, as provided by law. And in the event there be any error in the amount so due and hereunto verified, that the judgment be for such corrected amount accordingly.

"(3) And he further prays that this judgment be forthwith entered awarding him such other and incidental relief as this court is bound to do under the undisputed facts and upon the agreements on file, including all costs of court."

Rio Bravo Oil Company and Texas & New Orleans Railroad Company answered this motion to the following effect: (a) They did not care further to litigate the title to the 4/10 of an acre of railroad right of way, but conceded that it belonged to the plaintiffs in cause No. 27039, Mrs. Mann et al. v. Rio Bravo Oil Company, on the docket of the Sixtieth district court. (b) They admitted that the value of the oil taken by them from the 4/10 of an acre of the railroad right of way under the written agreements copied above was $1,224,374, and that they had allocated to relator the sum of $67,489.76, which they were willing to pay to him when he complied with the conditions of the written agreements, as they construed the agreements. (c) The agreements meant that they were to pay the money to relator only in the event and when he quieted all adverse claims; that other parties were claiming the very fund claimed by relator in his motion, and they could not safely pay this money over to him until these claims were extinguished. Their prayer was as follows:

"These defendants, therefore, pray that th severance prayed for by the said Thomas J Baten in his said petition be denied; that i the alternative, said Baten be required to as sert herein and adjust as between himsel and all other plaintiffs and parties his fu claim and demand under and by reason o said agreement on file herein, to the end tha defendants may make a full, final and com plete settlement and accounting with th said Baten and all other plaintiffs in thi cause, as is provided for and required b said agreement; and if necessary that he b required to cite and bring into this cause a assignees or other persons holding under o through him any claim or interest in sai $1,224,374.00, unless said Baten shall elec on behalf of himself and his assignees to ac cept said sum of $67,489.76 under the cond tions hereinbefore set out.

"These defendants pray for such other an further relief, special and general, in law an in equity, as they may be entitled to receive.

The motion of relator and answer of Ri Bravo Oil Company and Texas & New Or leans Railroad Company came on for hearin in cause No. 27039, before respondent, on th 24th day of June, 1933, when the parties t the motion, plaintiff and defendants, dul made their appearance. Thereupon cam Mrs. Jeanette Mann, joined by her husban and filed in said cause No. 28039, in contes to relator's motion for summary judgment, suggestion that the lease under which relato claimed the overriding royalty in the 4/10 o an acre was executed to him in trust, an that he had no personal interest in the leas and, in the event it should be found that re lator had not assigned the estate therei conveyed to him by their lease to Gulf Pro duction Company, that the very fund claime by him in his motion for judgment belonge to them, and they suggested further that bu for Judge O'Brien's injunction they woul file an answer to that effect, and attached t their written suggestions the answer and con test they were prepared to file, in which the pleaded fully the facts upon which the based their claim to the fund now claimed b relator. The prayer to their written sugges tions was as follows: "Wherefore, thes plaintiffs assert that it would be an injustic to them to proceed with the hearing of th motion in this cause as filed by Thos. J. Ba ten, and that hearing thereon should be stay ed until such time as a final judgment ma be entered as to the validity of said injunc tion order so issued by the Honorable Georg C. O'Brien."

The Gulf Production Company also ap peared and filed an answer to said motio which amounted to nothing more than a gen eral denial. The Nearens appeared by thei attorneys, King & Jackson, and advised th court that they had on that morning learne for the first time, of the issuance of the in

unction by Judge O'Brien, and asked respondent to postpone the hearing on relator's motion until they could investigate the status f the litigation and determine their rights herein and the necessary steps to be taken by hem to protect their rights. With these matters before him, respondent continued relator's motion to August 14, 1933. Thereupon, s stated above, relator filed his petition in his court on the 27th day of June, alleging he facts generally, as stated above; that here was no dispute as to his right to recover the sum of $67,489.76. Other allegations f his motion will be hereinafter referred to n summarizing the answer of respondent. The prayer was as follows:

"Wherefore, Your Relator respectfully rays for an order to be served upon the said . D. Campbell, Respondent, forthwith, commanding, at the expiration of ten days from he service of such order on him, to appear nd show cause before Your Honors why a eremptory writ of mandamus should not issue to the following effect:

"First, ordering and commanding the said . D. Campbell, Judge of said Court, to proeed to hear said motion and sever this cause, s prayed for in Relator's motion, and to ocket the same separately and apart from he other original parties plaintiff in said ause; and to strike said parties and their leadings from this cause.

"Second, to hear said motion and enter udgment against the defendants, Rio Bravo Oil Company and Texas & New Orleans Railroad Company, for the sum of $67,489.76, in accordance with the terms and requirements of law, and pursuant to the express directions of this Honorable Court as to the form and erms thereof.

"He further prays for such other relief in the premises as he may be entitled to receive at the hands of this Honorable Court."

Respondent filed his answer to relator's motion on the 5th day of July, to the following effect: Relator had filed a motion in his court in cause No. 27039, Mrs. Jeanette Mann et al. v. Rio Bravo Oil Company et al., for summary judgment against Rio Bravo Oil Company; that he could not affirm or deny any of its material allegations, except he denied that there was no dispute as to relator's right to the fund claimed by him. Rio Bravo Oil Company and Texas & New Orleans Railroad Company had filed their answer to the motion, as summarized above; Mrs. Mann and Gulf Production Company had appeared in said motion and answered as summarized above. He admitted that Judge O'Brien had issued the injunction as pleaded by relator, but he could neither admit nor deny that the Manns and the Nearens had been served with notice of the injunction, but he had been advised by them that they had not been so served. Because of the filing of suit No. 27039, Mrs. Jeanette Mann et al. v. Rio Bravo Oil Company et al., in his court, the Sixtieth district court, that court acquired exclusive jurisdiction over the issues presented by relator's motion, and the Fifty-Eighth district court, over which Judge O'Brien presided, had no jurisdiction to try the title asserted by relator in his petition for injunction before Judge O'Brien. He admitted further that relator had filed his motion to strike from cause No. 27039 the answer of Mrs. Mann and Gulf Production Company, and that he had overruled that motion; and that he had refused to grant relator the severance prayed for. He pleaded further the appearance of the Nearens when relator's motion was called, and their request that the motion be passed, as stated above. He denied that he had refused to hear relator's motion, but was willing to hear it when and as soon as the parties adversely interested had time to protect their interests, and that he passed the motion until August 14th in the orderly handling of his docket; and, further, as follows:

"Your respondent denies that there was no issue either in fact or of law to be determined, but to the contrary it appeared to him that there were probably issues of both fact and law to be determined, which would require the exercise of his judicial authority and discretion and your respondent says that it is his desire and purpose to proceed to hearing and judgment in this matter at such time and under such conditions as will afford relator full opportunity to present his motion, opposing parties to be heard in reference thereto, and permit this court to render a judgment as the facts and the law may appear to him to direct in his judicial discretion.

"Wherefore, having fully answered herein, your respondent prays that he go hence with his costs."

Opinion.

In his petition, relator prays for the following relief: (a) That respondent be directed to enter a summary judgment in his favor for the sum of $67,489.76; (b) that respondent be directed to strike from the record the answer of the Manns and Gulf Production Company, contesting his right to the sum of $67,489.76, allocated to him by Rio Bravo Oil Company; (c) that respondent be directed to grant him a severance from his coplaintiffs in cause No. 27039, and to docket his claim in and to the 4/10 of an acre of the railroad right of way as a separate cause of action from that of his coplaintiffs; (d) that respondent be directed to grant him an immediate hearing on his motion for summary judgment.

As Rio Bravo Oil Company, the Manns, and Gulf Production Company are not parties to this mandamus proceeding, we have no jurisdiction of them to direct respondent by mandamus to enter the summary orders prayed for, nor to direct respondent to strike

from the record the written pleading of the Manns and the answer of Gulf Production Company. This conclusion follows from the general principle of law that a trial judge cannot be compelled by mandamus to enter an order affecting the rights of parties not regularly before him. Cleveland v. Ward, 116 Tex. 1, 285 S. W. 1063 (points 22, 30); Tabor v. Commissioner of General Land Office, 29 Tex. 508; City of Austin v. Cahill (Tex. Civ. App.) 88 S. W. 536; Judge of County Court of Perth v. Whaley, 12 U. C. C. P. 552; Nevell v. Terrell, 99 Tex. 355, 87 S. W. 659, 89 S. W. 971; Halbert v. Terrell, 102 Tex. 29, 112 S. W. 1036; State v. Thompson, 118 Tenn. 571, 102 S. W. 349, 20 L. R. A. (N. S.) 1; 38 C. J. 853. But if the Manns and Gulf Production Company were parties to this suit, relator would not be entitled to the relief prayed for as against them. These parties, by their answers, made a distinct issue against relator's right to summary judgment. Thus, the Rio Bravo Oil Company, by its answer, pleaded that it agreed to pay the money allocated by it to relator only when he extinguished all adverse claims, and by its answer tendered the money to him when that was done. It pleaded further that adverse claims were being asserted to this fund, and prayed that relator be required to bring the adverse claimants into court so that a final judgment could be entered, adjudicating all claims, thereby permitting it to pay the money to the lawful owner. This answer invoked the discretionary or judicial powers of respondent, as distinguished from a mere ministerial act. The discretionary or judicial powers of a trial judge are not subject to control by mandamus. Thomason v. Seale (Tex. Sup.) 53 S.W.(2d) 764; Ewing v. Cohen, 63 Tex. 482; Aycock v. Clark, 94 Tex. 375, 60 S. W. 665; Yett v. Cook, 115 Tex. 175, 268 S. W. 715, 281 S. W. 843; Ben C. Jones & Co. v. Wheeler (Tex. Sup.) 45 S.W.(2d) 957; Roberts v. Munroe (Tex. Civ. App.) 193 S. W. 734, 736; Pollard v. Speer (Tex. Civ. App.) 207 S. W. 620; Harris v. O'Brien (Tex. Civ. App.) 54 S.W.(2d) 277, 279. Relator's motion to strike the answer of the Manns and Gulf Production Company also invoked the discretionary or judicial powers of respondent, and, therefore, his judgment thereon is not subject to control by mandamus. The reason for this conclusion will be hereinafter stated in the discussion of the rights of these parties.

It is also the law that we cannot, by mandamus, direct respondent to grant relator a severance from his coplaintiffs in cause No. 27039 and to docket his claim to the $4/10$ of an acre of railroad right of way, as a separate cause of action from that of his coplaintiffs. The determination of the issue of severance invokes the discretionary or judicial powers of the trial judge, and, therefore, is not subject to control by mandamus. State v. St. Paul, 110 La. 722, 34 So. 750, 751.

Under article 1824, R. S. 1925, a amended by Acts 1929, c. 83, § 1 (Vernon' Ann. Civ. St. art. 1824), we have power to di rect a trial judge to proceed to trial an judgment, Cleveland v. Ward, supra (poin 24), but this power can be invoked only whe the judge improperly refuses to act on a matter within his jurisdiction. Cleveland v Ward, supra (point 24); McPhail v. Scarbo ough (Tex. Civ. App.) 16 S.W.(2d) 858; Warren v. Scarborough (Tex. Civ. App.) 241 S W. 551. In this case relator has made n such showing. In the orderly handling o his docket, it was not an abuse of his dis cretionary powers to pass relator's motio to August 14th, in order that the parties ad versely interested might have an opportunit to prepare their defenses, especially in vie of the injunction granted by Judge O'Brien

Another phase of this proceeding ha given us grave concern. Relator insists that because of the injunction issued by Judg O'Brien, the Manns, the Nearens and their at torneys, and the Gulf Production Company cannot appear against his motion for sum mary judgment, and cannot make any sor of contest against his right to the relie prayed for. His proposition is that, by fil ing his injunction suit in Judge O'Brien's court, that court acquired exclusive juris diction as between him and the partie named as defendants, being his coplaintiff in cause 27039, over all issues raised by hi motion for summary judgment. Respondent by his answer to relator's petition, advance the proposition that, because of the filing o cause No. 27039 in his court in 1926, long prior to the filing by relator of his injunctio suit before Judge O'Brien in the Fifty-Eight district court, on the 16th day of June, 1933 the Sixtieth district court acquired exclusive jurisdiction of all issues raised by relato in his motion for summary judgment, being the same issues raised by him in his injunction suit filed in the Fifty-Eighth distric court. The effect of respondent's proposition if sound, is to make void Judge O'Brien's injunction and any and all orders that he has made or may make in that proceeding, Cleveland v. Ward, supra (points 16, 17), and to give respondent power to permit the Manns, the Nearens, and Gulf Production Company, the defendants named in the injunction suit as filed in the Fifty-Eighth district court, to appear and contest relator's motion for a summary judgment in the Sixtieth district court, though, in so appearing, they violate Judge O'Brien's injunction from the Fifty-Eighth district court, Cleveland v. Ward, supra (point 10). Respondent is in error in his construction of the jurisdictional effect of cause No. 27039, filed in his court in 1926. In that case, relator, the Manns, the Nearens, and the Gulf Production Company, and others, sued the Rio Bravo Oil Company, and those under whom it held, only as joint ten-

ts. In their petition they did not specially lead their individual titles, nor the extent nd nature of their claim, one against the other, to the 4/10 of an acre of railroad right of lay. No issue of title whatever was made y the plaintiffs in cause No. 27039, as among hemselves, subsequently to the filing of cause 5612, until relator filed his injunction suit the Fifty-Eighth district court. In that uit he pleaded specially the nature and extent of his claim to the 4/10 of an acre of railroad right of way, and made an issue against s coplaintiffs in cause No. 27039 as to the xtent of his claim, and prayed for judgment gainst each and all of them, quieting his title gainst their adverse claims, and secured om Judge O'Brien the injunction restraining e defendants and each of them, who were s coplaintiffs in cause No. 27039, from prosuting their adverse claims against him in y other court. Since the issue of title, as mong the coplaintiffs in cause No. 27039, as raised for the first time in the Fifty-ighth district court, that court acquired primary and exclusive jurisdiction of relator's use of action against his coplaintiffs. Laid-cker v. Palmer (Tex. Com. App.) 231 S. W. 52. Being the first court to acquire jurisiction, the Fifty-Eighth district court had xclusive jurisdiction (Cleveland v. Ward, upra, points 12, 13, 14), and Judge O'Brien roperly protected his jurisdiction by his inunction (Cleveland v. Ward, supra, point 19).

The Rio Bravo Oil Company is asserting no dverse claim to the 1/24 overriding royalty aimed by relator. It is holding this fund or the lawful owner, ready, able, and willg to surrender it when the lawful owner as been judicially ascertained. The purose of its answer to relator's motion in the ixtieth district court was to put in issue all dverse claims thereto, which was also the urpose of relator's injunction suit in the ifty-Eighth district court. One of these auses of action must be prosecuted to final dgment before Rio Bravo Oil Company can e compelled to surrender this fund to any aimant.

 Though the doctrine of Cleveland v. Vard protects relator in the filing of his suit the Fifty-Eighth district court, that case, oint 17, is also authority for the proposition hat he can abandon that forum with the conent of the defendants, by filing a new suit the Sixtieth district court. Under the protection of Judge O'Brien's injunction, which as lawfully issued, he may prosecute that uit to final judgment, or, with the consent of e defendants named in Judge O'Brien's hjunction suit, manifested by their willing-ess to make themselves parties therein, he an prosecute to final judgment his motion as led in the Sixtieth district court. If he resses that motion for further hearing, it ill be the duty of respondent to permit all

parties interested in the fund in controversy to appear in his court and present their adverse claims, to the end that the judgment entered by respondent against Rio Bravo Oil Company may protect it in the final payment of this fund. The further prosecution by relator of his motion for summary judgment, on the facts stated, before final judgment is entered in his injunction suit in the Fifty-Eighth district court, would constitute an abandonment of that suit, and render void and without effect the temporary injunction granted by Judge O'Brien. Cleveland v. Ward, supra, point 17.

It follows from what has been said that the mandamus as prayed for by relator must be in all things refused, and it is accordingly so ordered.