IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
On-Briefs January 4, 2002

## ANTHONY J. DOTY v. PATRICK WHALEN, ET AL.

**A Direct Appeal from the Chancery Court for Hardeman County**
**No. 12191      The Honorable Dewey C. Whitenton, Judge**

---

### No. W2001-01854-COA-R3-CV - Filed February 19, 2002

---

Petitioner-inmate filed a petition for writ of mandamus to require the defendants, prison warden and other officials, to restore visitation privileges of the plaintiff's girlfriend and to expunge from the prison records all references to the revocation of the visitation privileges and to the alleged sexual misconduct that precipitated the revocation. After a nonjury trial, the trial court entered an order of dismissal. Plaintiff has appealed. We affirm as modified and remand for further proceedings.

**Tenn.R.App.P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed as Modified and Remanded**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and DAVID R. FARMER, J., joined.

Anthony J. Doty, Pro Se

Tom Anderson, Jackson, For Appellee, Percy Pitzer

# MEMORANDUM OPINION[1]

On January 20, 1999, petitioner, Anthony J. Doty, an inmate at Whiteville Correction Facility ("WCF"), filed a petition for writ of mandamus against defendants, warden Patrick Whalen[2] and chief of security, Tony O'Hara. The petition alleges that petitioner was issued a disciplinary report alleging sexual misconduct between petitioner and his fiancé during a visit on November 29, 1998. Subsequently, petitioner received a visitation change slip stating that his fiancé was removed from his visiting list for one year, and it was at the instance of defendant O'Hara that she was so removed. The petition alleges that the petitioner was not provided a hearing within seven days as provided for in the Inmate Rules and Discipline, Section 15-2.5 H.1, and, in fact, was not provided a hearing at all. The petitioner avers that punishment by removing his fiancé from his visiting list without a hearing violated his due process rights. The petition prays that the defendants be required to perform their duties by:

> . . . providing Petitioner in *writing* that the degrading Disciplinary Report of sexual misconduct is *dismissed* and totally *expunged* from the record due to lack of due process, that they provide Petitioner *in writing* that Beth Resop *is unconditionally put back on* Anthony J. Doty's visitation list, and that it provided to the Petitioner *in writing* that all indications of this matter is *expunged* from any and all records.

(Emphasis in original).

The respondents were granted additional time by the court within which to answer or otherwise respond to the petition. A motion to dismiss was filed on behalf of respondents but apparently was never acted upon. Subsequently, a motion for summary judgment was filed by respondents in which it is stated:

> No portion of Respondents' Answer or affirmative defenses should be deemed waived or abandoned, and Respondents' right to further present the defenses asserted by Respondents in their Answer is reserved.

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by Memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2] During the course of the proceedings, defendant Whalen was succeeded by Warden Percy Pitzer, and he was substituted for defendant Whalen. We will use the caption of the case adopted by the plaintiff.

The record does not contain any answer filed by the respondents.

The trial court denied the motion for summary judgment and initially entered an order holding this cause in abeyance pending the petitioner's release from incarceration. This Court accepted an extraordinary appeal from that order and reversed the trial court's order and remanded the case for consideration of alternative procedures. The trial court then entered an order to have the case tried with the use of the petitioner's deposition.

A nonjury trial was held March 28, 2001, and on April 24, 2001, the trial court entered its order which provides as follows:

> This cause came to be heard on March 28, 2001, before the Honorable Dewey C. Whitenton, Chancellor, on the testimony of witnesses, the affidavits, and other written evidence submitted by the Petitioner, the oral argument of Respondent's attorney, K. Michelle Booth, and the entire record in the cause.
>
> IT APPEARING TO THE COURT that the resumption of visitation rights sought by Petitioner in his Petition for Writ of Mandamus has been granted and accomplished.
>
> IT FURTHER APPEARING TO THE COURT that there is an additional remedy available to the Petitioner in Federal Court under 42 U.S.C. § 1983.
>
> IT FURTHER APPEARING TO THE COURT that a Petition for Writ of Mandamus does not involve the awarding of monetary damages as compensation for injuries, but since the Petitioner is appearing pro se, the Court is going to rule on the claim for damages.
>
> IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED by the Court, after considering all of the credible proof in the cause, that the Petitioner's claim for damages against Respondent is hereby dismissed with prejudice. The Court Costs are to be paid by the Petitioner, for which execution and a distress warrant may issue.
>
> IT FURTHER APPEARING TO THE COURT that one of the Respondents, Tony O'Hara, is no longer employed at Whiteville Correctional Facility and Counsel has been unable to locate him.
>
> IT IS FURTHER ORDERED by the Court that the Motion to Withdraw as Counsel for Respondent, Tony O'Hara, is granted.

IT FURTHER APPEARING TO THE COURT, that the Petitioner has filed a motion for a transcript of all proceedings, and that there are no official Court Reporters or transcripts available in Tennessee in civil cases, except as arranged by the parties, and that there is none available in this case. The Court having previously ruled that in a civil case in Tennessee, the Court could not order (1) the transporting of the Petitioner for a hearing or trial, or (2) the appointment of an attorney to represent him, but that the Petitioner, in addition to the testimony of live witnesses, could proceed pro se to present his claims by depositions and interrogatories, in accordance with the Tennessee Rules of Civil Procedure, rather than waiting until his release from incarceration.

THEREFORE, since a verbatim transcript of the hearings and proceedings in this cause is not available, then the Petitioner, if he desires to appeal, must proceed to prepare any record and transcript for an appeal as provided by the Tennessee Rules of Appellate Procedure.

Petitioner has appealed, and the issue for review is whether the trial court erred in the disposition of plaintiff's action.

Petitioner asserts that the respondents violated his rights to due process under the Fourteenth Amendment, First Amendment, and Eighth Amendment to the Constitution of the United States. As we understand his argument, he is stating that he was denied a hearing on the disciplinary charge filed against him as is provided for in the Inmate Rules and Discipline established for the prison facility. He asserts that although the prison officials reinstated the visiting privileges for his fiancé, such reinstatement did not occur until approximately 337 days after the suspension.

We reviewed the record, including the statement of the evidence, as supplemented, and petitioner's deposition. From our review, we determined that the petitioner testified that he and his fiancé were not guilty of any sexual misconduct and that he was summarily punished by having her removed from his visitors list without a hearing. He testified concerning the Inmate Rules and Discipline, a copy of which is in the record, that he was entitled to a notice of a hearing, and a hearing on the disciplinary report that had been filed against him. The rules contained in the file substantiate his testimony in this regard. No evidence to the contrary was introduced by the respondent. The only evidence by the respondents was introduced by the testimony of Daria Childress and Julie Bass. Ms. Childress testified that on November 29, 1998, she was employed at WCF as a central control officer and observed over the video camera the petitioner and his fiancé in front of the vending machines, and it appeared that his fiancé was fondling petitioner. She advised Lieutenant Griffin of what she had observed, and he went to the visitation gallery and terminated the visitation. Ms. Bass testified that she was employed as an internal affairs officer at the WCF and that in November, 1998, she was employed as the visitation officer. She stated she notified the petitioner

of his suspension in writing on December 7, 1998, and although a disciplinary report was issued to the petitioner, the disciplinary charge became void, because there was no conviction, and petitioner was not required to serve any segregation time.

Mandamus is an extraordinary writ and can be resorted to only when other remedies fail. *State v. Thompson*, 118 Tenn. 571, 102 S.W. 349 (1907). Although the petitioner apparently did not seek other judicial remedies, the trial court determined to hear this case as a petition for writ of mandamus.

Petitioner makes some reference in his brief to a claim for damages, and the trial court did adjudicate such a claim. The trial court did note, however, and we agree, that damages are not ordinarily recoverable in mandamus proceedings. *See Paduch v. City of Johnson City*, 896 S.W.2d 767 (Tenn. 1995). In any event, we have reviewed the statement of the evidence and there is simply no proof introduced by petitioner of any damages sustained, and the evidence does not preponderate against the trial court's finding. Tenn.R.App.P. 13(d).

As noted by the trial court, the visitation rights suspended were restored prior to the suspension's expiration. Thus, petitioner's request for relief in this regard is moot. The principle of mootness is especially applicable to a mandamus action which is a discretionary remedy in any event. *See State v. Thomas*, 585 S.W.2d 606 (Tenn. 1979).

The other area of relief sought by petitioner is the expungement from his records of all references to the disciplinary action and the precipitating event therefor.

It is undisputed that petitioner was not afforded a hearing, as provided for in the Inmate Rules and Discipline. Prison inmates have no absolute constitutional right to visitation. Limitations upon visitation may be imposed if they are necessary to meet penological objectives. *See Bellamy v. Bradley*, 729 F.2d 416 (6th Cir. 1984).

In the instant case. the petitioner was punished without a hearing by the deprivation of visitation privileges, and the failure of the respondents to follow their own rules could constitute a violation of due process of law. *See King v. Higgins*, 370 F. Supp. 1023 (D. Mass. 1974). As previously noted, Julie Bass, internal affairs officer at WCF, testified that the disciplinary charge against the petitioner became void. Since petitioner was denied a hearing, this is conclusive. Section 15-2.5 (j) provides:

> Expungement
> If an inmate/resident is found not guilty of an offense, major or minor, either after the hearing or the appeal, all reference to that offense would be removed from their file.

Under this rule, petitioner is entitled to have the expungement he seeks. In *King v. Higgins, supra,* the Court determined that because of the failure of the prison officials to follow the

-5-

established procedures for disciplinary action, the inmate's prison records should be expunged "of all findings and conclusions of the board."*Id.* at 1029.  The Court noted that such expungement is required, because a prisoner's "disciplinary record may follow him throughout the prison system; if his punishment was without cause, he is punished anew each time his record is used against him." *Id.*

Accordingly, the order of the trial court entered April 24, 2001 is modified to require the expungement from the petitioner's record all references to the subject disciplinary report and visitation revocation and alleged sexual misconduct that precipitated the revocation and report. As modified, the order of the trial court is affirmed.  The case is remanded to the trial court for such further proceedings as may be necessary, including the entry of an order requiring the expungement ordered by this Court.  Since the litigation was occasioned by failures on the part of the respondents to follow their own internal rules, the costs of the appeal and the costs incurred in the trial court are assessed against the respondents, Percy Pitzer and Tony O'Hara, and the trial court on remand shall amend its order accordingly.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.